September 3, 2019

<u>VIA ECF</u>
Hon. Lorna G. Schofield
U.S. Dist. Ct., Southern District of New York

> Re:   *Manhattan Safety Maine, Inc. and Recovery Effort, Inc. v. Michael Bowen, et al.*,
> Case No. 1:19-cv-5642 (LGS) (OTW)

Dear Judge Schofield:

The parties submit this joint letter and attached Proposed Case Management Plan and Scheduling Order ahead of their September 10 initial conference with this Court.

## I.    Nature of the Case

Plaintiffs' claims:  Plaintiffs Manhattan Safety Maine, Inc. ("MSM") and Recovery Effort, Inc. ("REI") bring this action to recover $32.3 million in assets that, on information and belief, are in the hands of Defendants.[1]

By way of background, in 2004, Defendant Arie Genger and the Orly Trust each purportedly received shares of Trans-Resources, Inc.  In 2008, a minority group of investors of Trans-Resources (known as the "Trump Group") claimed these purchases violated Trans-Resources' stockholder agreement and brought suit against Arie Genger in Delaware courts.  In 2011, the Delaware Supreme Court ruled in favor of the Trump Group, holding that Arie Genger had no claim to ownership for any of Trans-Resources' shares.

Meanwhile, in 2010, Arie Genger and Orly Genger (in her capacity as trust beneficiary and derivatively on behalf of the "Trust u/a 12/13/93 f/b/o Orly Genger" (the "Orly Trust")) sued the Trump Group (and others) in New York Supreme Court, leading to many more years of litigation. Their lawsuit included claims against the Trump Group of unjust enrichment and breaches of fiduciary duty in connection with the disposal of the shares assertedly held by Arie Genger and the Orly Trust.  In June 2013, Orly Genger, Arie Genger, and Arie Genger's supposed litigation funders (Defendants Arnold and David Broser) entered into a settlement agreement with the Trump Group that purportedly resolved their claims asserted in the N.Y. Supreme Court litigation (the ("2013 Settlement").  In consideration therefor, the Trump Group paid $17.3 million in funds and $15 million in promissory notes.

Unfortunately, as detailed by Plaintiffs' instant complaint, Defendants fraudulently conveyed these assets for their own benefit, to the detriment of the Orly Trust, and these assets now lie in the hands of Defendants Arie Genger; his litigation funders, Defendants Arnold and David Broser; Defendant Michael Bowen (in his non-personal capacity as the holder of the certain promissory notes); and various entities owned and controlled by Defendants.

Plaintiff MSM is the assignee of rights under a note evidencing indebtedness by the Orly Trust; the note was previously held by TPR Investment Associates, Inc. (a Genger family entity).

---

[1] Defendant Michael Bowen is being sued solely in his capacity as the holder of certain notes and plaintiffs have agreed to extend his time to answer or otherwise respond to the complaint.  As such, Mr. Bowen had limited participation in preparing this letter.

Plaintiff REI represents the assigned interests of the Trust.  Accordingly, Plaintiffs seek to recover the wrongfully-diverted assets by (a) requesting, among other things, a declaratory judgment that the $15 million in promissory notes represent the property of Plaintiff REI, as assignee of the Orly Trust; and (b) asserting claims for money had and received; unjust enrichment; and fraudulent conveyance pursuant to New York Debtor & Creditor Law §§ 273, 276, and 276-a.

The major legal and factual issues in this matter concern the ownership and current location of the 2013 Settlement proceeds, including (a) who owns the $15 million in promissory notes; (b) where Defendants have transferred the other $17.3 million in Settlement proceeds; and (c) whether they must return those funds to the Orly Trust.  Plaintiffs further dispute many of Defendants' assertions below, as well as their suggestion that these matters are relevant here.

Defendants' Defenses:  This action is the latest installment in a nightmare of litigation that has consumed state and federal courts for a decade.  Since the 2004 divorce of Arie Genger and his now ex-wife Dalia Genger, their son Sagi Genger and Dalia have made every effort to take the family fortune that Arie built.  Sagi and Dalia have brought numerous actions against Arie, Orly (Sagi's sister/Dalia's daughter), and non-family members such as the Brosers.  Sagi's and Dalia's efforts have caused Orly to file chapter 7 bankruptcy, and father Arie to incur over $20 million in legal fees, which were funded by his litigation funder, ADBG LLC (indirectly owned by the Brosers).  Despite the case caption, Sagi and Dalia are the true plaintiffs here.  Using the plaintiff entities as a front, Sagi and Dalia seek the proceeds of a settlement of a prior litigation (in which Arie and Orly asserted claims against the Trump Group in connection with shares in the company that Arie built) on the pretense that the settlement proceeds belong to the Orly Trust.  But the Orly Trust was not a party to the settlement, no court approval (required to settle any derivative claims on behalf of the trust) was sought, and Dalia, as trustee of the Orly Trust, separately dismissed with prejudice the Orly Trust's claims.  There is thus no basis to suggest that the Orly Trust has an interest in the settlement proceeds at issue here.

What really happened here is that non-party The Trump Group settled years of extensive and expensive litigation with Arie that was funded by litigation funder ADBG LLC, an entity indirectly owned by the Brosers.  Only $17.3 million of the $32.3 million in settlement proceeds has been funded, while the other $15 million remains in escrow due to Sagi's and Dalia's efforts to prevent those funds from being distributed.  The proceeds of that settlement that have been distributed – by the Trump Group, as transferor, not the Orly Trust – were required to be repaid to ADBG both pursuant to the ADBG loan agreements and an unavoidable 2012 assignment by Arie and Orly of any proceeds of the ADBG-funded litigation to the Genger Litigation Trust, which was then obligated to pay ADBG for the outstanding obligations owed to it.  Plaintiffs do not dispute that ADBG was a litigation funder that provided value.  Moreover, ADBG is still owed millions of dollars in unpaid loan obligations that are being held up by Sagi and Dalia.

This case should be immediately dismissed because it is a textbook case of manufactured diversity jurisdiction in violation of 28 U.S.C. § 1359.  Within a matter of days, the plaintiff entities were incorporated in foreign states, the assignments were made, this action was filed, and they dismissed pending claims against Defendants in New York's Surrogate's Court (originally filed by Dalia in 2016 in a Surrogate's Court proceeding brought by Orly over 10 years ago seeking to remove Dalia as trustee of the Orly Trust based on conflicts of interest and misconduct that

Hon. Lorna G. Schofield
September 3, 2019
Page 3 of 5

remains pending) seeking the same relief against Defendants and then re-filed those claims here. The Sagi and Dalia-controlled assignors, TPR Investment Associates, Inc. ("TPR") and the Orly Trust (which Plaintiffs state is the 100% owner of its purported assignee), are non-diverse from Defendants.

All the claims are baseless. The settlement proceeds do not belong to the Orly Trust because it provided no consideration for the settlement. The fraudulent transfer claims are meritless because Plaintiffs fail to allege that they are creditors of the transferor, the Trump Group, or that the Trump Group was insolvent or rendered insolvent by the transfers, and because they acknowledge that ADBG provided value. The Complaint also fails to provide any basis for a claim against the Brosers; there is no evidence that they received settlement proceeds.

## II.    Statements Concerning Subject Matter Jurisdiction And Venue

Plaintiffs' Statement:  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. Plaintiffs and Defendants are citizens of different states and the amount in controversy exceeds $75,000. Plaintiff MSM is a corporation organized under the laws of Maine with its principal place of business in Maine. Plaintiff REI is a corporation organized under the laws of Arkansas with its principal place of business in Arkansas. Contrary to Defendants' claims above, this is not a case of manufactured diversity. First, MSM is wholly unrelated and independent of the Genger-family trusts and entities and obtained the rights in the note for value. Second, even if one were to review REI based on its parent (the Orly Trust), it would be evaluated based on the citizenship of its Trustee, who is an Arkansas citizen. (Defendants are mistaken in their assertion that Dalia Genger was the Trustee of the Orly Trust at the time this case was filed.)

Defendant Michael Bowen is a citizen of the State of New York. Defendant Arie Genger is a citizen of Florida, who maintains an office in the State of New York. Defendant Arnold Broser is a citizen of the State of Florida, and defendant David Broser is a citizen of the State of New York. Defendant Tedco, Inc. is a corporation organized under the laws of Nevada, and headquartered in the State of New York, whose controlling shareholders are defendants Arnold and David Broser. Defendant Genger Litigation Trust is a trust whose trustees are Lance Harris and David Broser, both of whom are citizens of the State of New York. Defendant ADBG LLC is a limited liability company whose members are Arnold and David Broser, who are citizens of the State of New York. The Court also has jurisdiction over this action, under 28 U.S.C. § 2201(a), to the extent Plaintiffs seek declaratory relief.

Venue is proper in this District pursuant to 28 U.S.C. § 1391. One or more Defendants reside in this District, a substantial part of the events or omissions giving rise to the claim occurred in this District, and a substantial part of property that is the subject of the action is situated in this District.

Defendants' Statement:  The Court lacks subject matter jurisdiction. Plaintiffs have manufactured diversity by creating the plaintiffs and assigning them claims pending in state court. 28 U.S.C. § 1359. The parties are not otherwise diverse: the Orly Trust is a New York citizen because its trustee as of the Complaint filing date, Dalia, is a New York citizen.

## III.    Motions and Other Applications

Hon. Lorna G. Schofield
September 3, 2019
Page 4 of 5

Plaintiffs (as represented by new counsel) may wish to amend their complaint to address certain matters, clerical and otherwise; and may wish to move for partial summary judgment on whether funds from the 2013 Settlement belong to the Orly Trust.

Defendants intend to move to dismiss this action pursuant to Rule 12(b)(1) and 12(b)(6) on one or more of the grounds identified above. Defendants will also ask this Court to consider whether this action should be stayed, at least temporarily, in light of the recent bankruptcy filing of Orly Genger, the beneficiary of the Orly Trust that is the subject of this action. *See In re Orly Genger*, No. 19-10926 (Bankr. W.D. Tex., July 12, 2019). Just days before this action was filed, Sagi filed a turnover motion seeking the same relief as is sought here but claiming that all of the settlement proceeds belong to Orly individually, not the Orly Trust. *See Sagi Genger v. Orly Genger*, No. 17-cv-8181 (VSB) (S.D.N.Y. June 11, 2019) (Docket No. 212-214). Defendants submit that while they dispute that Orly or the Orly Trust has any interest in the settlement proceeds, this action cannot be decided without determining ownership, which makes Orly an indispensable party. Plaintiffs believe it is inappropriate to stay this matter because another plaintiff in a separate action has, in Defendants' view, asserted that the funds Plaintiffs seek to recover belong to Orly Genger, especially when the bankruptcy trustee has not asserted any such claim and defendants themselves dispute that Orly Genger has any right to the funds. Defendants have not provided any other basis in support of their position.

## IV.    Discovery

No discovery in this action has taken place to date. Defendants have not yet answered the complaint; thus, Plaintiffs expect to identify additional grounds for discovery as the litigation proceeds. At this time, Plaintiffs believe that discovery concerning (i) the formation of the 2013 Settlement; (ii) the ownership of the Settlement proceeds; and (iii) defendants' disposition of the Settlement proceeds, including Defendants' accounting records reflecting the flow of funds and their current location, documents concerning who directed the transfers, the reasons given for the transfers (if any), and Defendants' knowledge of the Orly Trust's outstanding liabilities and financial status when the transfers were made is likely to be admissible under the Federal Rules of Evidence and material to proving the claims and defenses raised in the pleadings.

Defendants believe that discovery concerning the relationship between TPR/Sagi and MSM, as well as the relationship between the Orly Trust/Dalia and REI is likely to be admissible under the Federal Rules of Evidence and material to proving the claims and defenses raised in the pleadings. Defendants also note that Sagi/TPR/Dalia/the Orly Trust have taken extensive prior discovery from Defendants regarding the issues here.[2]

## V.    Computation of Damages

With respect to the first cause of action, Plaintiff REI seeks a declaratory judgment, concerning its ownership over the two promissory notes valued at $15 million; with respect to the second and third causes of action, REI seeks $17.3 million in damages, which is the amount of the

---

[2] Both parties reserve all rights to seek discovery to the full extent permitted by applicable law, including the Federal Rules of Civil Procedure, and to supplement the above-listed topics.

Hon. Lorna G. Schofield
September 3, 2019
Page 5 of 5

cash 2013 Settlement proceeds that Defendants improperly diverted to themselves; and with respect to the fourth, fifth and sixth causes of action, Plaintiff MSM seeks no less than $8 million in damages, which is the amount the Orly Trust currently owes to MSM.  Defendants contest any and all damages against them here and reserve all rights, claims and defenses.

## VI.    Settlement Discussions

The parties have not yet engaged in settlement discussions.  Plaintiffs are willing to participate in a settlement conference.  Defendants do not believe that settlement is likely, given their defenses, past settlement efforts with Sagi/Dalia, and the long history of the numerous other actions in this and other courts.

## VII.    Other Relevant Information

There are several other litigations that have touched on matters relevant to the instant proceeding.  Plaintiffs believe it would be efficient and assist in the expeditious resolution of this matter if discovery materials produced by Defendants in those proceedings were made available to Plaintiffs in this matter.  In particular, Plaintiffs have requested that Defendants produce deposition transcripts, exhibits, and document requests and responses from related litigation as soon as possible.  Plaintiffs have also proposed that Defendants re-produce document productions from related litigation to Plaintiffs, and have requested the document requests and responses from other litigations so that they can determine what additional document requests may be necessary.

Counsel for the defendant Brosers has agreed to produce such materials.  Counsel for defendant Arie Genger does not believe that there is any basis for such production at this early stage of the litigation, particularly in light of the extremely voluminous nature of such materials given the extensive prior litigation in which Arie has been involved (which is vastly more than what the defendant Brosers would have).  Arie believes that any discovery relating to prior litigation should be addressed in the ordinary course of discovery in this case.  The Brosers and Arie also submit that if production from other litigation occurs, Plaintiffs should produce the same material they are requesting above from themselves, as well as from Sagi, Dalia, TPR and the Orly Trust, the true plaintiffs here.  Plaintiffs do not agree with Defendants' proposal that Plaintiffs produce litigation materials outside of Plaintiffs' possession, custody or control, which is contrary to the plain language of Rule 34(a)(1).

Respectfully submitted,

/s/ Christopher K. Leung
_____
Counsel for Plaintiffs

/s/ Natalie B. McGinn
_____
Counsel for Arie Genger

/s/ Christopher Gartman
_____
Counsel for Arnold Broser, David Broser,
ADBG LLC, and Tedco, Inc.