UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
          :
MANHATTAN SAFETY MAINE, INC.; AND   :
RECOVERY EFFORT, INC.                        :
                                                   :    1:19-cv-5642 (LGS)
                          Plaintiff(s),   :
                -v-                          :    <u>CIVIL CASE</u>
                                                 :    <u>MANAGEMENT PLAN</u>
MICHAEL BOWEN; ARIE GENGER; ARNOLD   :    <u>AND SCHEDULING</u>
BROSER; DAVID BROSER, individually and as trustee of :    <u>ORDER</u>
the GENGER LITIGATION TRUST; ABDG LLC;   :
TEDCO INC.; JOHN DOES 1 – 10;                     :
                                                 :
                        Defendant(s).   :
          :
------------------------------------------------------------------------X

LORNA G. SCHOFIELD, United States District Judge:

       This Civil Case Management Plan is submitted by the parties in accordance with

Fed. R. Civ. P. 26(f)(3).

1.    All parties consent to discovery proceedings before a United States Magistrate Judge, but do not consent to conducting all further proceedings before a United States Magistrate Judge, including non-discovery related motions and trial. *See* 28 U.S.C. § 636(c).

2.    The parties have conferred pursuant to Fed. R. Civ. P. 26(f).

3.    Alternative Dispute Resolution/Settlement

    a.    Settlement discussions have not taken place.

    b.    Counsel for the parties have discussed an informal exchange of information in aid of early settlement, but believe settlement discussions at this time would be unfruitful.

    c.    Counsel for the parties have discussed the use of a settlement conference before a Magistrate Judge; participation in the District's Mediation Program; and retention of a private mediator. Counsel are open to each of the above-identified alternative dispute resolution mechanisms, at the appropriate time.

    d.    Counsel for the parties recommend that consideration of one of the alternate

        dispute resolution mechanisms designated in paragraph 4(c) be deferred until after the close of fact discovery.

4. The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

5. No additional parties may be joined after November 7, 2019 without leave of Court.

6. Amended pleadings may be filed without leave of Court until November 7, 2019.

7. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be served no later than September 13, 2019.

8. Fact Discovery

   a. All fact discovery shall be completed no later than February 14, 2020.

   b. Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by September 30, 2019.

   c. Responsive documents shall be produced by November 15, 2019.
   Do the parties anticipate e-discovery?   [Yes X/ No __]

   d. Interrogatories pursuant to Fed. R. Civ. P. 33 shall be served by no later than 30 days before the close of fact discovery.

   e. Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by the close of fact discovery.

   f. Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by no later than 30 days before the close of fact discovery.

   g. Any of the deadlines in paragraphs 8(b) through 8(f) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 8(a).

9. Expert Discovery

   a. Anticipated types of experts include forensic accounting, solvency and valuation.  The parties reserve all rights to modify these predictions based on information learned as these proceedings progress, including information obtained through discovery.

   b. If you have identified types of experts in question 9(a), all expert discovery shall be completed no later than within 45 days from the date in paragraph 8(a), i.e., the completion of all fact discovery.

   c. If you have identified types of experts in question 9(a), by no later than one

       month before the date in paragraph 8(a), i.e., the completion of all fact discovery, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 9(b).

10. Plaintiffs' position is that this case is not to be tried to a jury. Defendants have not yet determined whether a jury trial will be demanded on any issues so triable.

11. Counsel for the parties have conferred and their present best estimate of the length of trial is five days.

12. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below:

    a. Plaintiffs' request that Defendants produce deposition transcripts and exhibits, as well as document requests and responses from, and eventually documents produced in, related litigations; and Defendants' request that, at whatever time production from other litigation occurs, Plaintiffs produce the same categories of documents they are requesting above that are in their possession, custody or control, as well as from Sagi Genger, Dalia Genger, TPR Investment Associates, Inc. and the 1993 Orly Genger Trust.

    b. Whether this action should be stayed, at least temporarily, in light of the recent bankruptcy filing of Orly Genger, the beneficiary of the 1993 Orly Genger Trust that is the subject of this action. *See In re Orly Genger*, No. 19-10926 (Bankr. W.D. Tex., July 12, 2019).

    c. The entry of an appropriate protective order.

13. Status Letters and Conferences

    a. By November 10, 2019, the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2.

    b. By March 13, 2020, the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2 and, in the event that they have not already been referred for settlement discussions, shall also advise the Court whether or not they request a referral for settlement discussions as provided in Paragraph 4(c) above.

    c. On May 5, 2020 at 10:00 A.M., a pre-motion conference will be held for any anticipated dispositive motions, provided:

        i. A party wishing to file a summary judgment or other dispositive

       motion shall file a pre-motion letter at least two weeks before the conference and in the form provided in the Court's Individual Rule III.A.1. Any party wishing to oppose shall file a responsive letter as provided in the same Individual Rule. The motion will be discussed at the conference.

      ii. If no pre-motion letter is timely filed, this conference will be canceled and the matter placed on the Court's trial-ready calendar. The parties will be notified of the assigned trial-ready date and the filing deadlines for pretrial submissions. The parties are warned that any settlement discussions will not stay pretrial deadlines or the trial date.

      This Order may not be modified or the dates herein extended, except as provided in paragraph 8(f)) or by further Order of this Court for good cause shown. Any application to modify or extend the dates herein, except as provided in paragraph 8(f), shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

      The Clerk of Court is directed to enter the dates under paragraphs 5, 6, 8(a), 9(b)-(c) and 13(a)-(c) into the Court's calendar.

SO ORDERED.

Dated: _____
      New York, New York

                                                 LORNA G. SCHOFIELD
                                                 United States District Judge

Counsel for the Parties:

| | |
|---|---|
| */s/ Christopher K. Leung* | */s/ Natalie B. McGinn* |

Christopher K. Leung
Adam L. Pollock
**Pollock Cohen LLP**
60 Broad St., 24th Fl.
New York, New York 10004
Tel.: (212) 337-5361
Email: Chris@PollockCohen.com
        Adam@PollockCohen.com

*Counsel for Plaintiffs Manhattan Safety Maine, Inc. and Recovery Effort, Inc.*

Gerald E. Greenberg (*Pro Hac Vice* Admission Pending)
Natalie B. McGinn
**Gelber Schachter & Greenberg PA**
1221 Brickell Avenue, Suite 2010
Miami, Florida 33131
Tel.: 305-728-0950
Email: nmcginn@gsgpa.com

*Counsel for Defendant Arie Genger*

 */s/ Christopher Gartman*

William R. Maguire
Christopher Gartman
**Hughes Hubbard & Reed LLP**
One Battery Park Plaza
New York, New York 10004
Tel.: (212) 837-6000
Email: bill.maguire@hugheshubbard.com
        chris.gartman@hugheshubbard.com

*Counsel for Defendants Arnold Broser, David Broser, ADBG LLC and Tedco, Inc.*