
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Office:+1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

November 26, 2019

**VIA ECF**
Hon. Debra C. Freeman
U.S. Dist. Ct., Southern District of New York

    Re:    *Manhattan Safety Maine, Inc. and Recovery Effort, Inc. v. Michael Bowen, et al.*, Case No. 1:19-cv-5642 (LGS) (DCF)

Dear Judge Freeman:

    Defendants respectfully submit this reply in support of their November 19, 2019 letter ("Opening Brief") requesting that this action be stayed due to the bankruptcy of Orly Genger, the beneficiary of the Orly Genger 1993 Trust (the "Orly Trust"), and in response to Plaintiffs' November 25, 2019 letter (the "Opposition") opposing that request.

    The Opposition fails to even address the issue on which Your Honor requested briefing: which court decides whether disputed property is property of a debtor's bankruptcy estate? Instead, Plaintiffs simply argue that the property at issue here – $32.3 million in proceeds of a June 2013 settlement to which Orly (but not the Orly Trust) was a party – is not property of Orly's estate. Defendants have taken that position, (*see* Opening Br. at 4), but others, such as Orly's brother, Sagi Genger, and his company, TPR, have taken the position that the Settlement Proceeds are property of Orly's estate and that their disposition is the "central issue" in Orly's bankruptcy. As set forth in the Opening Brief, the law is clear that the determination of whether certain property is property of a debtor's bankruptcy estate is a "core" Bankruptcy Court proceeding that can and should only be decided by the Bankruptcy Court, and that this action is stayed pursuant to 11 U.S.C. § 362(a)(1) & (a)(3).

    The Opposition also contains numerous misstatements, including the following:

- **Misstatement # 1** – Orly's bankruptcy trustee (the "Trustee") declined to seek a stay of this action, and the Defendants are somehow end running "the trustee's decision." (Opp. at 1.) To the contrary, the Trustee agreed that "[i]f not dismissed pursuant to a motion to dismiss, the Trustee shall take all necessary steps to support the stay of the action captioned *Manhattan Safety Maine, Inc. and Recovery Effort, Inc. v. Michael Bowen, et al.*, S.D.N.Y. Case No. 19-cv-05642 (Schofield, J.) or any similar action." *See* Settlement Agreement, Exhibit 1 to Opening Br. Ex. M ¶ 2. Plaintiffs' self-serving contention that the Trustee told them that he was not seeking to stay this action is inadmissible hearsay, is directly contradicted by the Trustee's agreement in the Settlement Agreement to seek a stay, and is contrary to statements made to Defendants' counsel that the Trustee's counsel's position was that this action was stayed by the automatic stay. And Plaintiffs' assertion that the Trustee "would not even have standing to seek a stay of this action after granting defendants a comprehensive release," (Opp. at 4, n.8),

is contrary to the law. Even after a settlement is approved, a trustee remains trustee of a debtor's estate with all rights and powers.

- **Misstatement # 2** – The Trustee has "acknowledged Orly Genger's lack of interest in the disputed settlement proceeds." (Opp. at 3.) To the contrary, the Trustee pursued recovery of the Settlement Proceeds from the Defendants. Pursuant to the Settlement Agreement, the Defendants agreed to pay the Trustee $1 million in full satisfaction of any claims that Orly might have in any capacity to the disputed property. *See* Settlement Agreement, Exhibit 1 to Opening Br. Ex. M ¶ 4. While Plaintiffs quote the Trustee's statement that he believes that his claims "would have been challenging or impossible to prove," (Opp. at 4), they fail to quote the rest of that sentence, which states ". . . in light of, *inter alia*, the fact that Dalia [Genger] already dismissed such claims with prejudice." *See* Opening Br. Ex. M ¶ 26. The Trustee made clear that he and his independent counsel had performed an extensive investigation, including meetings with Sagi, the Orly Trust, and other parties that allowed him, "as a neutral, independent party, to form his own opinions and conclusions as to the validity and efficacy of asserted claims." *See id.* ¶¶ 8, 11.[1]

- **Misstatement # 3** – "In this action, plaintiffs . . . do not seek any relief with respect to Orly Genger or her bankruptcy estate." (Opp. at 2.) To the contrary, Plaintiffs' assignors, including the Orly Trust, recently objected to the dischargeability of Orly's debts based on her alleged fraudulent transfer of and failure to disclose the $32.3 million Settlement Proceeds in her bankruptcy filings. They then obtained a transfer of Orly's bankruptcy from Austin to New York by claiming that this and Sagi's related litigation relating to the Settlement Proceeds before Judge Broderick were central to Orly's bankruptcy. In fact, assignors TPR and the Orly Trust's reply (filed jointly with Sagi and Dalia) in support of transfer stated, among other things, (i) ". . . a $32 million estate of this Debtor as it existed in 2013, which she gave in part to her father and his creditors . . ."; (*see* Exhibit 1 at 2); (ii) "the remainder of the fund [sic] are payable to Debtor's attorney . . . as the Escrow Agent in the SDNY. . . in the form of two $7.5 million Notes, although the recent filing by the Debtor incorrectly suggests she has no interests or rights in these two Notes" (*id.*); (iii) an escrow agreement "reflects an interest and rights of the Debtor in these funds" (*id.*); (iv) "it was the Debtor that monetized the entire $32 million" (*id.*); (v) "Movants believe the Debtor's most significant assets by far are located in the SDNY and in escrow" (*id.* at 3); (vi) "suit to recover the transfer of $32 MM of the Orly wealth" (*id.* at 6.); (vii) "Debtor's rights in two $7.5 million Notes . . . reside in SDNY" (*id.* at 7); and (viii) "the $32 million fraudulent transfer litigation is directly tied to SDNY through all of the parties and the transactions, all arising in and/or related to the SDNY" (*id.*). Plaintiff Recovery Effort is 100% owned by the Orly Trust. *See* Am. Complaint (Docket No. 48) ¶ 14. The Opening Brief details the incestuous relationship between Plaintiffs on the one hand, and Sagi, TPR, Dalia, and the

---

[1] At the very least, this action should be temporarily stayed to provide Orly's yet-to-be appointed successor trustee in the S.D.N.Y. an opportunity to perform his own investigation and determine whether this action should be stayed.

    Orly Trust, on the other, including the fact that Plaintiffs have agreed to share any recoveries here with Sagi. Yet less than a month after taking the completely opposite position that Orly's bankruptcy centers around the Settlement Proceeds, Sagi and Dalia's proxies – Plaintiffs – are attempting to game the court system by claiming that this action has absolutely nothing to do with Orly.

- **Misstatement # 4** – Sagi did not intend to litigate around the bankruptcy stay because this action was filed a month before Orly's bankruptcy filing. (Opp. at 2, n.3.) Sagi knew that Orly planned to file for bankruptcy prior to his causing this action to be filed because, among other things, Orly's counsel made that clear at a January 8, 2019 hearing before this Court. *See* Exhibit 2 at 67:9-67:14 (stating that Sagi's counsel "well knows that if this judgment [against Orly] is upheld on appeal, that Orly will file for bankruptcy. That has been made clear. There is no dispute about that fact, right. I don't think Sagi Genger disputes it, Orly Genger has said it under oath. It has been -- it becomes abundantly clear that's what will transpire.").

    For these reasons and those stated in the Opening Brief, this action should be stayed.

Respectfully submitted,

| /s/ Christopher Gartman | /s/ Natalia B. McGinn |
|---|---|
| Hughes Hubbard & Reed LLP | Gelber Schachter & Greenberg, P.A. |
| *Counsel for Arnold Broser, David Broser, ADBG LLC, and Tedco, Inc.* | *Counsel for Arie Genger* |