**Exhibit 1**

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CHAPTER 7 |
| ORLY GENGER § | |
| § | CASE NO. 19-10926-TMD |
| Debtor. § | |

**MOVANTS' REPLY BRIEF IN SUPPORT OF THE MOTION TO TRANSFER VENUE (AS ALTERNATIVE RELIEF) TO THE SOUTHERN DISTRICT OF NEW YORK**
[Docket No. 32]

TO THE HONORABLE TONY M. DAVIS, UNITED STATES BANKRUTPCY JUDGE:

Movants Sagi Genger, TPR Investment Associates, Inc., Dalia Genger, D&K GP LLC, and The Orly Genger 1993 Trust (collectively, "Movants") file this Reply Brief in Support of the Motion to Transfer Venue (as Alternative Relief) to the Southern District of New York and, in support thereof, would show the Court as follows:

**I.
PRELIMINARY STATEMENT**

1. This is far from a "fresh start" Chapter 7 debtor case. Few debtors come to this Court whose life does not appear to change both immediately before and after the filing of bankruptcy. The Debtor, her husband and child arrived back from an extended trip to Israel taken shortly after the conclusion of her 341 meeting. The filing of Chapter 7 case by the Debtor should not be taken lightly or be based upon schedules that have little or no information about the Debtor's assets, holdings or the Debtor's own self-settled trust (one of several in the Debtor's name). And this case is certainly not an effort to reorganize under Chapter 11 and/or pay her debts to creditors. It is, in essence, a family dispute arising from her parents' divorce 15 years ago, currently involving a final judgment of slightly over $3 million dollars, a claim that is

dwarfed by a $32 million estate of this Debtor as it existed in 2013, which she gave in part to her father and his creditors and which is the subject of a two-party dispute in the SDNY fraudulent transfer litigation. As set forth in other filings, the remainder of the fund are payable to Debtor's attorney, Michael Bowen, as an Escrow Agent in the SDNY (a partner of her husband's law firm) in the form of two $7.5 million Notes, although the recent filing by the Debtor incorrectly suggests she has no interests or rights in these two Notes. The Movants' Escrow Agreement (Exhibit 16) reflects an interest and rights of the Debtor in these funds. The SDNY opinions have consistently ruled that it was the Debtor that monetized the entire $32 million.

This is a two-party family dispute – a single family driven to litigation by the Debtor's refusal to honor her obligation to the mother who created her wealth in the first place -- all of this wealth being derived from the Debtor's mother's divorce settlement that she turned over to her two children for safekeeping for her retirement years.

Although not before this Court today, "[a] significant factor in favor of dismissing a case pursuant to § 305(a)(1) or transferring venue of a case is *the absence of a true bankruptcy purpose*, particularly where the bankruptcy case constitutes a two-party dispute between the debtor and a single creditor." *Efron v. Candelario (In re Efron),* 529 B.R. 396, 406 (1st Cir. B.A.P. 2015) (emphasis added); *Remex Elecs. Ltd. v. Axl Indus., Inc. (In re Axl Indus., Inc.)*, 127 B.R. 482, 484 (S.D. Fla. 1991) ("Generally, a [bankruptcy] court should not take jurisdiction over a two-party dispute, unless special circumstances exist.") (citation omitted); *see also In re Spade*, 258 B.R. 221 (Bankr. D. Colo. 2001) (dismissing involuntary chapter 7 petition where bankruptcy was filed in response to a two-party dispute between debtor and a single creditor); *In re Duratech Indus.*, 241 B.R. 291, 300 (Bankr. E.D.N.Y. 1999) (dismissing bankruptcy case pursuant to § 305(a)(1) where debtor had pending business tort litigation against a creditor in state court and resolution

of the bankruptcy depended entirely on the outcome of the state court proceeding).

This two-party dispute wears many hats. Although this Debtor is a co-defendant in litigation involving her mother, brother and father, the Debtor is also a Plaintiff, with all of her six (6) lawsuits utilizing the Courts of the Southern District of New York ("SDNY"). No litigation has ever been brought, much less is pending, by this Debtor in Texas, and the one effort of the Debtor's husband to utilize the federal courts of Texas was rebuffed in favor of the SDNY.[1]

For the purposes of this Reply Brief and Movants' arguments, the issue of proper venue[2] or not[3] in Austin, Texas is secondary to the facts and law applicable to this Court's determination of a "change of venue" to the SDNY, notwithstanding the facts that Movants believe the Debtor's most significant assets by far are located in the SDNY and in escrow. [*See*, Movant's Ex. 16].

Pursuant to 28 U.S.C. § 1412, "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, *in the interest of justice or for the convenience of the parties*." (Emphasis added.).[4] These two independent grounds have an overlay of

---

[1] Judge Austin, United States Magistrate Judge, Western District of Texas, made the following relevant finding:
> [Eric] Herschmann and [Orly] Genger, as owners of multiple residences, have used this fact to their legal advantage by claiming to reside in whichever location most suits their legal needs at the time.

*See Genger v. Genger*, Civil Action No.: 1:19-mc-00366-LY (W.D. Tex.), Docket No. 11 (p. 5 of 6).

[2] **Section 1408. Venue of Cases Under Title 11**
Except as provided in section 1410 of this title, a case under title 11 may be commenced in the district court for the district-
> (1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, .. or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district; …

28 U.S.C. § 1408(1).

[3] On the issue of whether the Debtor can establish a proper venue for the bankruptcy case in any district, the proper analysis is not that she resides in Israel versus any federal district in the U.S. With assets in the United States, the Courts will look at which U.S. District is her residence relative to all other districts in the U.S. The foregoing does not impact arguments to transfer venue in the interests of justice or convenience of the parties. 28 U.S.C. § 1412.

[4] A case or proceeding may be transferred "in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412; *see Puerto Rico v. Commonwealth Oil Ref. Co. (In re Commonwealth Oil Ref. Co.)*, 596 F.2d 1239, 1247 (5th Cir. 1979) (court must consider, inter alia, proximity of creditors, debtor, witnesses, books, assets).

{01519/0001/00242116.1}   Page 3

considerations of forum shopping as noted in *In re Barrington Spring House, LLC*, 509 B.R. 587, 606 (Bankr. S.D. Ohio 2014):

> In considering the landlord's request for a transfer of venue back to the Eastern District, the bankruptcy court for the *Southern District of New York* noted that *when a case is filed in a new district after virtually all the events leading up to it took place in proceedings in another district replete with unfavorable rulings, what you have is forum shopping*. The interest of justice and integrity of the bankruptcy court system require that the bankruptcy court not reward such efforts. (Emphasis added).

Of course, this quote from *Barrington Springs* describes Orly's motivation exactly – having lost in the New York litigation and facing the mandate to put in writing the reasons for the $32 million in fraudulent transfer, the debtor, instead elected to file this bankruptcy in this "new district." And, not a new district that, for the prior 180 days was Orly's domicile, residence, or principal place of business.

## II.
## THE CHANGE OF VENUE ANALYSIS

The change of venue analysis is a case-by-case analysis. While the general rule is that a court should give deference to the debtor's decision to file in a particular district where venue is proper, it still must decide whether the interest of justice or the convenience of the parties compels that any such deference is negated. *City of Clinton v. Pilgrim's Pride Corp. (In re Pilgrim's Pride)*, 2009 U.S. Dist. LEXIS 117751, *15 (N.D. Tex. Dec. 17, 2009). This is certainly such a case where any deference to debtor's decision as to venue should be negated.

Importantly, the "debtors" venue is not presumed in cases of clear forum shopping. "[T]his presumption exists to help the debtor, *not to facilitate forum-shopping for co-defendants*."

---

Fed.R.Bankr.P. 1014(a)(1) provides for alternative consideration of whether transfer of the case to another district is in the interest of justice. *In re W. Coast Interventional Pain Med., Inc.*, 435 B.R. 569, 583 (Bankr. N.D. Ind. 2010).

{01519/0001/00242116.1}   Page 4

*Irwin v. Beloit Corp. (In re Harnischfeger Indus.)*, 246 B.R. 421, 440 (Bankr. N.D. Ala. 2000);[5] *In re Duralite Truck Body & Container Corp.*, 153 B.R. 708 (Bankr. D. Md. 1993) ("Reliance on state law by both state and federal courts within a state promotes certainty, reduces forum shopping, and 'prevent[s] a party from receiving "a windfall merely by reason of the happenstance of bankruptcy."'") (citing *Butner v. United States,* 440 U.S. 48, 54-56 59 L. Ed. 2d 136, 99 S. Ct. 914 (1979)).

Generally, a party seeking to transfer venue under section 1412 bears the burden of showing by a preponderance of the evidence that transfer would be appropriate. *Norton v. Encompass Services Corp.*, 2003 WL 22520285 (S.D. Tex., October 24, 2003). A very brief summary of the evidence supporting a change of venue for this two-party family dispute includes the following analysis:

1. **Transactions Location:** The creation of the wealth of Orly, long before her marriage to Mr. Herschmann, and every aspect of Orly's wealth is directly attributable to the contribution of Dalia's ½ Community Share in her TRI stock where all the transactions involving all of this creation of wealth for Orly by Dalia, created for the mutual benefit of both, occurred:

    a. The Original 1993 Orly Trust created in, and governed by NY - SDN (76 F. Supp. 492) (76/492)

    b. Divorce Settlement Agreement transaction – continuing jurisdiction SDNY (76/492)

    c. Dalia's suit to enforce damages for false representations and fraud in Divorce Settlement Agreement against Arie - SDNY [with a $4M Arbitration judgment against Arie, pg. 40, Case #00996]

---

[5] Citing *In re ERG Intermediate Holdings, LLC*, No. 15-31858-hdh11, 2015 Bankr. LEXIS 3639, at *18 (Bankr. N.D. Tex. Oct. 26, 2015) (courts evaluating the "interest of justice" also commonly consider whether a debtor has engaged in *abusive forum shopping* and will transfer a case if the court finds such abuse.") (emphasis added).

{01519/0001/00242116.1}  Page 5

d. The Integrated Agreement [as a provision of the Divorce Agreement] SDNY (76/432)

e. Execution of the Orly Indemnification agreement SDNY (upon return from vacation). (76/492)

f. Pending Surrogate (Probate) Court proceedings involving the 93' Trust. all SDNY [*See*, Surrogate Court NY #0017/2008]

g. Dalia's Demand for Performance by Orly on the Integrated Agreement/Indemnity #1. SDNY (76/492)

h. Dalia's Suit to enforce the Integrated Agreement/Indemnity #1. SDNY – Judgment #1 (76/492-493)

i. Dalia's Demand for Performance by Orly on the Integrated Agreement/Indemnity #2. NY. (76/492-493)

j. Dalia's Suit to enforce the Integrated Agreement/Indemnity #2. SDNY - Judgment #2 [*Genger* II]

k. Dalia's/Sagi's Enforcement of Judgment(s) - suit to recover the transfer of $32 M of the Orly wealth SDNY. [1:2019cv06100]

l. Chapter 7 Trustee seeking reconsideration, severance SDNY [Trustee lost]

m. Second Cir. *en banc* pending appeal. SDNY.

n. *93 Trust vs. Orly* Objection to Dischargeability - only based on SDNY transactions

2. **Where are the parties, assets, are located related to the "Transactions"**

a. Dalia Genger. Domicile SDNY – pending litigation, including the matter just ended by the Ch 7 Trustee in the SDNY.

b. D&K GP LLC – D&K Partnership. Principal place of business - SDNY.

c. Sagi Genger domicile Connecticut, school in SDNY.

d. The Brosers - SDNY and SDNY offices – fraud transfer defendant SDNY [*See*, Broser deposition, 10-23-18 at pg. 5].

e. Arie Genger – (continuing divorce proceedings jurisdiction –SDNY); (NY long arm jurisdiction over him as all the relevant transaction occurred in SDNY); Arie has been a frequent Plaintiff in the SDNY and Delaware regarding these transactions.

    f. TPR – SDNY in pending litigation.

    g. Debtor's husband Eric Herschmann practice in SDNY [*See*, Exhibits].

    h. The Kasowitz Law Firm defends and prosecutes all related litigation in SDNY.

    i. Kasowitz partner Bowen is the escrow agent for the escrowed $15M made the subject of the fraudulent transfer litigation - SDNY.

    j. Chapter 7 Trustee - appeared and litigated (and lost) in SDNY.

    k. Debtor's rights in two $7.5 million Notes pursuant to Ex. 16 [confidential document] reside in SDNY.

3. **Litigation in Austin related to the Transactions**

    a. None

4. **Previous Litigation Other than NY and Delaware related to the Transactions**

    a. None

5. **How often Orly/Arie invoked the jurisdiction of New York**

As a two-party family dispute, and to avoid these "Transactions" and thereby avoid returning any of the wealth to Dalia – or to criticize the person who made Orly wealthy (long before her marriage to Herschmann) - Orly has repeatedly invoked the state courts in NY. [*See*, Omnibus Statement of Facts as to case citations and direct case quotes only].

Any nexus between the Western District of Texas ("WDTX") and these transactions and past and pending litigation is non-existent.

Although all of the above litigation brought by or against Orly was lost by Orly, both at the trial level and appeal (except for the current pending *en banc* Second Circuit appeal and the pending Chapter 7 State Court suit appeals, both stayed), it certainly does not reflect an end to the connections to the SDNY. The $32 million fraudulent transfer litigation is directly tied to SDNY through all of the parties and the transactions, all arising in and/or related to the SDNY. It is telling, at best, that the Chapter 7 Trustee has filed papers to appoint the Debtor's husband and his law partner, Michael Bowen (the Escrow Agent of the two Notes), both partners in the Kasowitz firm in New York, as the Chapter 7 Trustee's special counsel in this case. Prior to any formal

retention by this Court, the Trustee's New York special counsel, Michael Bowen, then filed pleadings to replace the appointed Trustee for the 1993 Trust in New York Court during this case.[6] In addition, the Kasowitz firm has filed a number of pleadings in New York related to discovery and other issues in September and October of 2019 (post-petition) regarding the same pending litigation in the Southern District of New York.

### III.
### CHANGE OF VENUE IN "THE INTEREST OF JUSTICE"

When undertaking the "interest of justice" analysis to determine where a bankruptcy case should be heard, a bankruptcy court is to consider:

(a) the venue in which the estate can be most efficiently administered. "The first factor--the efficiency and economics of estate administration--is referred to by some courts as the most important factor." See Bruno's, 227 B.R. at 324; Sabre Technologies L.P. v. TSM Skyline Exhibits, Inc., 2008 U.S. Dist. LEXIS 98515, 2008 WL 4330897, at *9 (S.D. Tex. September 18, 2008)."

(b) the presumption in favor of the "*home court*" [here the "home" court for this Chapter 7 case is not to reorganize but to obtain a discharge of debts and avoid claims all related to SDNY].

(c) the parties' ability to receive a more fair trial in one forum versus another. "The fourth factor--the ability to receive a fair trial--requires evidence that the court had a predisposition to rule in favor of one party or another or if there was concern about getting an impartial jury." *In re In re Think3, supra* at 201.

(d) a state's interest in having "local controversies" decided within its borders.

*Think3 Litigation Trust v. Zuccarello (In re Think3)*, 529 B.R. 147, 209-210 (Bankr. W.D. Tex. 2015). A court does not have to give equal weight to all these factors. *In re Crosby Nat'l Golf Club, LLC,* 534 B.R. 888, 891 (Bankr. N.D. Tex. 2015)[7] simply because the "interest of justice"

---

[6] This is a Chapter 7 case and should not be considered like a Chapter 11. The case should be administered where the Debtor's most significant assets are, which is New York state. *In re Dunmore Homes, Inc.*, 380 B.R. 663, 672,("most cases do not consider liquidation because the goal of Chapter 11 is to reorganize")

[7] That case dealt with a golf club, which was a critical consideration because of the special interest that states have in real estate within their borders. However, the other critical consideration there was that the club could not survive without members and all members lived in California, so the Court was convinced that if the Debtor were to succeed, it must focus its reorganization on California in any event.

consideration in section 1412 is a "broad and flexible standard" that must be applied on a case-by-case basis. *In re Cavu/Rock Props. Project I, LLC*, 530 B.R. 349, 354 (W.D. Tex. 2015); *see also Ries v. Ardinger (In re Adkins Supply)*, 2015 Bankr., LEXIS 960, *17 (Bankr. N.D. Tex. 2015); *In re Dunmore Homes., Inc*. 380 B.R. 663, 672 (S.D.N.Y. 2008) (interest of justice also includes "whether the plaintiff's original choice of forum should be disturbed" and "the ability of interested parties to participate in the proceedings and the additional costs that might be incurred to do so"). Initially, as noted in *In re Think3,* an "interest of justice" venue transfer analysis encompasses, among other things, an inquiry as to the forum "which facilitates the efficient, proper and expeditious functioning *of the courts.*" *In re Pinehaven Assocs.,* 132 B.R. 982, 990 (Bankr. E.D.N.Y. 1991) (citing *Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989)); *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 221 (7th Cir. 1986); *In re Landmark Capital Co.*, 19 Bankr. at 348; *Vaughn v. American Basketball Ass'n*, 419 F. Supp. 1274, 1279 (S.D.N.Y. 1976).

Additionally, "… this inquiry would include looking into the desirability of having a judge familiar with applicable law to hear and determine issues arising in the case." *Pinehaven*, 132 B.R. at 990. Although this Court is certainly capable of understanding and applying applicable New York law, the SDNY courts with decades of knowledge of litigation pending in their courts certainly compels strong consideration of that forum. This is particularly true where SDNY is the source of the transactions and location of most all relevant documents and all parties including the Debtor having litigated there. "Courts also consider the impact of the learning curve if the case is transferred." *Dunmore Homes, Inc*., 380 B.R. 663, 672 (Bankr. S.D.N.Y. 2008). The Court in *Dunmore Homes, Inc*. went to find in the context of a Chapter 11 case:

Both courts [one in New York and the other in California] have the capacity to handle this case and provide a fair proceeding. However, because cases are already pending in California state courts against some of the Debtor's Subsidiaries (but stayed as to the Debtor), and many issues in this case are likely to be governed by California law, judicial economy would be better served if all cases were pending in California.

*Id*. at 674. Here the issues involve the application of New York law, the factual background, and holdings that span almost two (2) decade of litigation in New York state courts and the Second Circuit.

**IV.**
**CHANGE OF VENUE FOR THE "CONVENIENCE OF THE PARTIES"**

A transfer of venue based on the "convenience of the parties" is not "… whether transfer will benefit the administration of (the Debtor's) bankruptcy case alone, but whether it will be more convenient for all parties." *In re Knight-Celotex, Ltd. Liab. Co.*, 427 B.R. 697, 709 (Bankr. N.D. Ill. 2010). When considering whether venue transfer is more convenient for all of the parties, the court must consider:

(a) Location and proximity of the parties;

(b) Ease of access to necessary proof;

(c) Convenience of witnesses, including their location and proximity;

(d) Location of the assets, including books and records;

(e) Availability of subpoena power for the unwilling witnesses; and

(f) Expenses related to obtaining witnesses.

*Think3 Litigation Trust v. Zuccarello (In re Think3)*, 529 B.R. 147, 211 (Bankr. W.D. Tex. 2015); *Ries v. Ardinger (In re Adkins Supply)*, 2015 Bankr., LEXIS 960, *17-18 (Bankr. N.D. Tex. 2015), citing *Bruno's*, 227 B.R. at 325.[8] Clearly, these considerations overlap and, "[t]hough the standard

---

[8] In *Young Properties Corp. v. United Equity Corp.*, 394 F. Supp. 1243 (S.D. Cal. 1975) *(Young)* 'the district court rejected the bankruptcy court's consideration as a major factor under Rule 782 its obligation '"to insure

is stated in the disjunctive, … it is true that "what serves the convenience of the parties will also serve the interest of justice." *In re Portjeff Development Corp.,* 118 B.R. 184, 192 (Bankr. E.D.N.Y. 1990).[9]

The Debtor and these parties have, since 2008, selected the SDNY for their litigation, grounded in all of these factors including a location of proper jurisdiction to determine these disputes. In contrast, the WDTX has no nexus to the vast majority of the parties, in particular Dalia Genger who created the Debtor's wealth and who lives in the SDNY. Importantly, Dalia Genger is not only sued by her daughter in the SDNY, but also it would be an unfair and undue hardship for her to now be required to defend herself in the WDTX. Likewise, not only is the subpoena power (for trial) a significant issue for the many non-debtor co-defendants, each party to any pending or new adversary proceeding would have a right to argue venue as to such adversary simply because the Debtor's selected "home courts" has no relation to any of the parties or transactions made the basis of this litigation.

Besides, as one court in the SDNY noted in *In re Enron Corp.,* a complex and divisive change of venue proceedings resulted in the SDNY retaining a case on a ground particularly relevant here:

> New York City is a world financial center. (citation omitted). It is also easily accessible with three major airports, and two major rail stations in its immediate vicinity. It is one of the world's most accessible locations.

---

the most economic and efficient administration of the estate possible so as to protect the existing creditors of the state *(sic)' (Young, supra,* at p. 1245)." The Court noted at page 1245 that:
> In almost all adversary proceedings, it would be in the interest of the bankrupt to retain the proceeding in the district in which the bankrupt filed the suit. Rule 782 refers to **the convenience of "the parties"**; this language can be read only to refer to the convenience of ***all* parties** litigant.

The court concluded that the interests of non-bankrupt defendants to adversary proceedings "[S]hould not be made subservient to those of the plaintiff, merely because that plaintiff is involved in bankruptcy proceedings *(Young, supra,* at p. 1246)." *In re COLEMAN Am. Cos.*, 6 B.R. 915, 917 (Bankr. D. Colo. 1980)

[9] Some courts have combined the "interest of justice" analysis with the "convenience of the parties" analysis. *See e.g., Matter of Continental Airlines Inc.*, 133 B.R. 585, 587-88 (Bankr. D. Del. 1991); *In re Thomson McKinnon Secur., Inc.*, 126 B.R. 833, 835-836 (Bankr. S.D.N.Y. 1991), which is perhaps understandable considering that the facts and circumstances that inform one evaluation will almost always bear on the other as well.

{01519/0001/00242116.1}        Page 11

*In re Enron Corp*, 284 B.R. 376, 384 (S.D.N.Y. 2002). Contrasting this to the need for almost all parties to all pending litigation, as well as the only creditors (who generally are all family members and New York law firms, as counsel to the family members), all of whom live in SDNY or are active litigants in the SDNY, and none of whom live in the WDTX, completely removes any doubt that the efficient administration of any related bankruptcy would be in the SDNY.

Each of the elements of convenience of the parties favors transfer. Parties' locations, proof, documents, subpoena power, and the incredible expense of requiring each party and important witnesses located in the SDNY to travel to the WDTX simply makes no efficiency sense.

WHEREFORE, Movants pray that this Court transfer the venue of this bankruptcy case to the Southern District of New York, and for such other and further relief that Movants, or any one of them, may be justly entitled, both at law and in equity.

    Respectfully submitted,

By: */s/ Sabrina L. Streusand*
    Sabrina L. Streusand
    State Bar No. 11701700
    Streusand Landon, Ozburn & Lemmon, LLP
    1801 S. MoPac Expressway, Suite 320
    Austin, Texas 78746
    (512) 236-9901 (Telephone)
    (512) 236-9904 (Facsimile)
    streusand@slollp.com

    John Dellaportas (admitted *pro hac*)
    Emmet, Marvin & Martin, LLP
    120 Broadway
    New York, New York 10271
    (212) 238-3000 (Telephone)
    jdellaportas@emmetmarvin.com

    **COUNSEL TO SAGI GENGER and TPR INVESTMENT ASSOCIATES, INC.**

    and

By: */s/ Shelby A. Jordan*
Shelby A. Jordan
State Bar No. 11016700
Jordan Holzer & Ortiz, P.C.
500 N. Shoreline Blvd., Suite 900
Corpus Christi, Texas 78401
(361) 884-5678 (Telephone)
(361) 888-5555 (Facsimile)
sjordan@jhwclaw.com

**COUNSEL TO DALIA GENGER and D&K GP LLC**

and

By: */s/ Jay H. Ong*
Jay H. Ong
State Bar No. 24028756
Munsch Hardt Kopf & Harr, P.C.
303 Colorado Street, Suite 2600
Austin, Texas 78701
(512) 391-6100 (Telephone)
(512) 391-6149 (Facsimile)
jong@munsch.com

**COUNSEL TO
THE ORLY GENGER 1993 TRUST**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 30, 2019, a true and correct copy of the above referenced document was served via ECF filing and/or regular U.S. mail on the following parties in the attached service list.

*/s/ Shelby A. Jordan*
Shelby A. Jordan

**Via ECF**
United States Trustee – AU12
United States Trustee
903 San Jacinto Blvd., Suite 230
Austin, Texas 78701

**Via ECF**
Arie Genger
c/o Deborah D. Williamson
Dykema Gossett PLLC
112 East Pecan St., Suite 1800
San Antonio, TX 78205

**Via ECF**
c/o Trustee Ron Satija
Brian Talbot Cumings
Graves, Dougherty, Hearon & Moody
401 Congress Avenue, Suite 2700
Austin, Texas 78701

**Via ECF**
Arie Genger
c/o Deborah N. Williamson
Dykema Gossett PLLC
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205

**Via ECF**
Eric Herschmann
c/o Raymond Battaglia
66 Granburg Circle
San Antonio, TX 78218-3010

**Via ECF**
Sagi Genger
c/o Sabrina Streusand & TPR Investment
Streusand, Landon, Ozburn & Lemmon, LLP
1801 S. MoPac Expressway, Suite 320
Austin, Texas 78746

**Via ECF**
Eric J. Taube
Waller Lansden Dortch & Davis, LLC
100 Congress Ave, Suite 1800
Austin, Texas 78701

**Via ECF**
Thomas A. Pitta
Emmet, Marvin & Martin, LLP
120 Broadway
New York, NY 10271

**Via ECF**
The Orly Genger 1993 Trust
c/o Jay Ong
Munsch Hardt Kopf & Harr PC
303 Colorado Street, #2600
Austin, Texas 78701

**Via ECF**
SureTec Insurance Co.
c/o Ryan Brent DeLaune
Clark Hill Strasburger
901 Main Street, Suite 6000
Dallas, Texas 75202

**Via ECF**
Ron Satija
P.O. Box 660208
Austin, TX 78766-7208

**Via ECF**
Michael Paul Bowen
Kasowitz Benson Torres LLC
1633 Broadway
New York, NY 10019