

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Office: +1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

December 17, 2019

**V**IA **ECF**

Hon. Debra C. Freeman
United States District Court
Southern District of New York

   Re: *Manhattan Safety Maine, Inc. and Recovery Effort, Inc. v. Michael Bowen, et al.*,
     Case No. 1:19-cv-5642 (LGS) (DCF)

Dear Judge Freeman:

   Pursuant to the Court's November 12, 2019 Order (Docket No. 50), Defendants write to advise the Court that Orly Genger's bankruptcy case has been transferred to the United States Bankruptcy Court for the Southern District of New York (No. 19-13895) and assigned to Judge Garrity, that Deborah J. Piazza has been appointed as chapter 7 trustee, and that Defendants are simultaneously providing Ms. Piazza with a copy of the Court's November 12, 2019 Order.

   Defendants also write to advise the Court that despite opposing a stay by asserting that Plaintiffs "do not seek any relief with respect to Orly Genger or her bankruptcy estate", that "Orly Genger is not a party to this litigation", that "[t]hese claims were assigned to plaintiffs for [] legitimate business purposes", that "[t]his action does not involve any dispute over whether the settlement proceeds are property of the estate", that this "dispute is entirely between non-debtors", and that "defendants' arguments that this action somehow implicates a 'claim against the debtor' and that Orly Genger is therefore an indispensable party are equally misguided" (*see* Docket No. 55), representing to Judge Schofield that the settlement proceeds Plaintiffs seek to recover here are "separate assets" from those at issue in Orly's bankruptcy, (*see* Oct. 15, 2019 Tr., attached in relevant part as Exhibit 1), Plaintiffs' counsel have recently taken opposite positions in two different courts.

   Specifically, on behalf of Plaintiff Recovery Effort's purported assignor, the Orly Genger 1993 Trust (the "Orly Trust"), Plaintiffs' counsel filed a claim in Orly's bankruptcy last week, seeking recovery of the $32.3 million in settlement proceeds (plus interest) that Plaintiffs are seeking in this action. A copy of the claim is attached as Exhibit 2. In support of the claim, Plaintiffs' counsel attached the very petition that Orly's mother, Dalia Genger, filed against Orly, the Trump Group and Defendants in New York Surrogate's Court on behalf of the Orly Trust. Dalia dismissed without prejudice that action against the Defendants four days after Plaintiffs filed this duplicative action against Defendants (and excluding Orly) in an attempt by Sagi and Dalia to split their claims, manufacture diversity and litigate around the automatic stay. Notably, that petition lists Orly as a person "interested in the [sic] obtaining a determination of the issues presented in this Petition . . . ." *See* Exhibit A to Exhibit 2 at ¶ 88.

2

In addition, Plaintiffs' Counsel filed two letters with the New York State Appellate Division, First Department, stating that the appeal in that matter involving Orly Genger and others, brought on behalf of the Orly Trust and seeking for the Trump Settlement proceeds to be paid into court and ultimately to the Orly Trust, should be stayed pending Orly's bankruptcy. *See* Exhibits 3 and 4. That appeal relates to a February 19, 2019 Decision and Order by New York Supreme Court Justice Jaffe holding that "the motion of defendant Dalia Genger to substitute herself as plaintiff and to direct that the Trump Group settlement fund be paid into court is denied in its entirety." *See* Exhibit B to Exhibit 3 at 7; *see also id.* at 12 (contending that "[t]hese funds rightfully belong to the Orly Trust").

Thus, despite the purported assignment of the Orly Trust's claim to Plaintiff Recovery Effort, Plaintiffs' counsel is, on behalf of the Orly Trust, continuing to pursue that very claim against Orly and seeking to stay a non-bankruptcy action relating to that claim despite contending that the same claim in this action should not be stayed. For these reasons and those previously advanced by Defendants, this action should not only be stayed due to Orly's bankruptcy, but should be dismissed with prejudice and with sanctions (including attorneys' fees and costs) awarded to Defendants for Plaintiffs', Dalia's and Sagi's collusive fraud on multiple courts.

Respectfully submitted,

| */s/ Christopher Gartman* | */s/ Natalia B. McGinn* |
|---|---|
| Hughes Hubbard & Reed LLP | Gelber Schachter & Greenberg, P.A. |
| *Counsel for Arnold Broser, David Broser, ADBG LLC, and Tedco, Inc.* | *Counsel for Arie Genger* |

Enclosures

cc: Counsel of Record (by ECF and e-mail)
    Deborah J. Piazza, Esq. (by e-mail)