**Exhibit 3**

# POLLOCK | COHEN LLP
60 BROAD STREET, 24TH FLOOR
NEW YORK, NEW YORK 10004
(212) 337-5361

*CONTACT:*
Adam Pollock
Adam@PollockCohen.com
(646) 290-7251

November 22, 2019

**VIA NYSCEF**
Susanna Molina Rojas, Esq.
Clerk of the Court
Appellate Division, First Department
27 Madison Ave.
New York, NY 10010

## LETTER APPLICATION REQUESTING EXTENSION
## OF TIME TO PERFECT APPEAL
## AND SUGGESTION OF BANKRUPTCY

Re:     *Arie Genger et al. v. Sagi Genger et al.*, No. 2019-4438

Dear Ms. Rojas:

We represent the Michael Oldner, the Trustee of The Orly Genger 1993 Trust, who will be the Appellant in the above-captioned matter.

First, we note that Orly Genger, who was a party to the (now-dismissed) lower court action, filed a voluntary petition for bankruptcy on July 12, 2019 in the United States Bankruptcy Court for the Western District to Texas, under Case No. 19-bk-10926. Attached hereto as Exhibit A is a copy of the Suggestion of Bankruptcy filed in Supreme Court. Accordingly, we respectfully suggest that the appeal in this matter may be stayed pending her bankruptcy.

Second, should this Court decline to stay this matter, we write to respectfully request a 30-day enlargement of the time to perfect the appeal. This is Mr. Oldner's first application for the relief requested herein.

The Notice of Appeal in this matter was filed by the prior Trustee, Dalia Genger. Ms. Genger has appointed Mr. Oldner as the successor trustee. We have recently been retained to represent Mr. Oldner in his role as Trustee and, by extension, the appellant The Orly Genger 1993 Trust. We understand that Ms. Dalia Genger previously sought a 60-day enlargement of the time to perfect this appeal.

To the extent that this case is not stayed due to the bankruptcy, we will make a motion to change the caption to reflect that Mr. Oldner is the current Trustee of The Orly Genger 1993 Trust.

A copy of the Notice of Appeal and the order from which the Appeal is taken is enclosed herewith as Exhibit B.

Susanna Molina Rojas, Esq.
November 22, 2019
Page 2 of 2

Thank you for your consideration in this matter.

Respectfully submitted,

/s/ *Adam Pollock*

Adam Pollock

cc:  All counsel (via First Class Mail)

POLLOCK | COHEN LLP

# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

ARIE GENGER and ORLY GENGER, in her individual
capacity and on behalf of THE ORLY GENGER 1993 TRUST,

    Plaintiffs,

    - against -

SAGI GENGER, TPR INVESTMENT ASSOCIATES, INC.,
DALIA GENGER, THE SAGI GENGER 1993 TRUST,
ROCHELLE FANG, Individually and as Trustee of THE SAGI
GENGER 1993 TRUST, GLENCLOVA INVESTMENT CO.,
TR INVESTORS LLC, NEW TR EQUITY I, LLC, NEW TR
EQUITY II, LLC, JULES TRUMP, EDDIE TRUMP, MARK
HIRSCH, and TRANS-RESOURCES, INC.,

    Defendants.

---

SAGI GENGER, individually and as assignee of THE SAGI
GENGER 1993 TRUST, and TPR INVESTMENT
ASSOCIATES, INC.,

    Cross-Claimants, Counterclaimants, and
    Third Party Claimants,

    - against -

ARIE GENGER, ORLY GENGER, GLENCLOVA
INVESTMENT CO., TR INVESTORS, LLC, NEW TR
EQUITY I, LLC, NEW TR EQUITY II, LLC, JULES
TRUMP, EDDIE TRUMP, MARK HIRSCH, TRANS-
RESOURCES, INC., AND WILLIAM DOWD,

    Cross-Claim, Counterclaim, and/or
    Third Party Defendants.

---

Index No.: 651089/2010

**Suggestion of
Bankruptcy**

---

      PLEASE TAKE NOTICE that, on July 12, 2019, Plaintiff Orly Genger filed a voluntary

petition for bankruptcy under Chapter 7 of Title 11 of the United Sates Code in the United

States Bankruptcy Court for the Western District to Texas, under Case No. 19-bk-10926.

Attached hereto as Exhibit A is a true and correct copy of the chapter 7 petition.

Dated: November 19, 2019
      New York, New York

Respectfully Submitted,

POLLOCK COHEN LLP

By:  */s/ Adam Pollock*
      Adam Pollock

60 Broad St., 24th Fl.
New York, NY 10004
(646) 290-7251
Adam@PollockCohen.com
*Attorneys for Michael Oldner, Trustee of the Orly Genger 1993 Trust*

# Exhibit A

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:
**WESTERN DISTRICT OF TEXAS**

Case number (if known): _____

Chapter you are filing under:
- ☑ Chapter 7
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13

☐ Check if this is an amended filing

Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy

12/17

The bankruptcy forms use you and Debtor 1 to refer to a debtor filing alone. A married couple may file a bankruptcy case together--called a joint case--and in joint cases, these forms use you to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be yes if either debtor owns a car. When information is needed about the spouses separately, the form uses Debtor 1 and Debtor 2 to distinguish between them. In joint cases, one of the spouses must report information as Debtor 1 and the other as Debtor 2. The same person must be Debtor 1 in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:  Identify Yourself

|  | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **1. Your full name** Write the name that is on your government-issued picture identification (for example, your driver's license or passport). Bring your picture identification to your meeting with the trustee. | **Orly** First Name _____ Middle Name **Genger** Last Name _____ Suffix (Sr., Jr., II, III) | _____ First Name _____ Middle Name _____ Last Name _____ Suffix (Sr., Jr., II, III) |
| **2. All other names you have used in the last 8 years** Include your married or maiden names. | _____ First Name _____ Middle Name _____ Last Name | _____ First Name _____ Middle Name _____ Last Name |
| **3. Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | xxx – xx – 8  8  9  3  OR  9xx – xx – ____ ____ ____ ____ | xxx – xx – ____ ____ ____ ____  OR  9xx – xx – ____ ____ ____ ____ |

Debtor 1   **Orly Genger** _____   Case number (if known) _____

| | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **4.** **Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years**<br><br>Include trade names and doing business as names | ☑ I have not used any business names or EINs. | ☐ I have not used any business names or EINs. |

Business name _____   Business name _____

Business name _____   Business name _____

Business name _____   Business name _____

EIN __ __ – __ __ __ __ __ __ __   EIN __ __ – __ __ __ __ __ __ __

EIN __ __ – __ __ __ __ __ __ __   EIN __ __ – __ __ __ __ __ __ __

**5.** **Where you live**                                   If Debtor 2 lives at a different address:

**210 Lavaca St.** _____   _____
Number    Street                                              Number    Street

**Unit 1903** _____   _____

**Austin**          **TX**   **78701**   _____
City                State   ZIP Code            City                State   ZIP Code

**Travis** _____   _____
County                                                          County

If your mailing address is different from the one above, fill it in here. Note that the court will send any notices to you at this mailing address.

If Debtor 2's mailing address is different from yours, fill it in here. Note that the court will send any notices to you at this mailing address.

_____                                _____
Number    Street                                              Number    Street

_____                                _____
P.O. Box                                                          P.O. Box

_____                                _____
City                State   ZIP Code            City                State   ZIP Code

**6.** **Why you are choosing this district to file for bankruptcy**

*Check one:*                                              *Check one:*

☑ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason. Explain. (See 28 U.S.C. § 1408.)

☐ I have another reason. Explain. (See 28 U.S.C. § 1408.)

| Part 2: | Tell the Court About Your Bankruptcy Case |
|---|---|

**7.** **The chapter of the Bankruptcy Code you are choosing to file under**

*Check one:* (For a brief description of each, see Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)). Also, go to the top of page 1 and check the appropriate box.

☑ Chapter 7

☐ Chapter 11

☐ Chapter 12

☐ Chapter 13

Debtor 1   **Orly Genger** _____   Case number (if known) _____

8.   **How you will pay the fee**   ☑ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

☐ **I need to pay the fee in installments.** If you choose this option, sign and attach the Application for Individuals to Pay The Filing Fee in Installments (Official Form 103A).

☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the Application to Have the Chapter 7 Filing Fee Waived (Official Form 103B) and file it with your petition.

9.   **Have you filed for bankruptcy within the last 8 years?**   ☑ No

☐ Yes.

District _____  When _____  Case number _____
                                           MM / DD / YYYY

District _____  When _____  Case number _____
                                           MM / DD / YYYY

District _____  When _____  Case number _____
                                           MM / DD / YYYY

10.   **Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**   ☑ No

☐ Yes.

Debtor _____  Relationship to you _____

District _____  When _____  Case number, _____
                                           MM / DD / YYYY       if known

Debtor _____  Relationship to you _____

District _____  When _____  Case number, _____
                                           MM / DD / YYYY       if known

11.   **Do you rent your residence?**   ☑ No.   Go to line 12.
☐ Yes.   Has your landlord obtained an eviction judgment against you?

☐ No.  Go to line 12.
☐ Yes.  Fill out Initial Statement About an Eviction Judgment Against You (Form 101A) and file it as part of this bankruptcy petition.

Debtor 1    __Orly Genger__ _____  Case number (if known) _____

| **Part 3:** | Report About Any Businesses You Own as a Sole Proprietor |

**12. Are you a sole proprietor of any full- or part-time business?**

☑ No. Go to Part 4.
☐ Yes. Name and location of business

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

_____
Name of business, if any

_____
Number    Street

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

_____
City            State       ZIP Code

*Check the appropriate box to describe your business:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ None of the above

**13. Are you filing under Chapter 11 of the Bankruptcy Code and are you a *small business debtor?***

*If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate deadlines.* If you indicate that you are a small business debtor, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

For a definition of small business debtor, see 11 U.S.C. § 101(51D).

☑ No.   I am not filing under Chapter 11.

☐ No.   I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes.   I am filing under Chapter 11 and I am a small business debtor according to the definition in the Bankruptcy Code.

| **Part 4:** | Report If You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention |

**14. Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

☑ No
☐ Yes.   What is the hazard?

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

If immediate attention is needed, why is it needed?

Where is the property? _____
Number    Street

_____

_____
City           State      ZIP Code

Debtor 1 **Orly Genger** _____     Case number (if known) _____

| **Part 5:** | **Explain Your Efforts to Receive a Briefing About Credit Counseling** |

**15. Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

**About Debtor 1:**
*You must check one:*

☑ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

  ☐ **Incapacity.** I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

  ☐ **Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

  ☐ **Active duty.** I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

**About Debtor 2 (Spouse Only in a Joint Case):**
*You must check one:*

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ **I am not required to receive a briefing about credit counseling because of:**

  ☐ **Incapacity.** I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

  ☐ **Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

  ☐ **Active duty.** I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

Debtor 1    **Orly Genger** _____    Case number (if known) _____

| Part 6: | Answer These Questions for Reporting Purposes |

**16.** What kind of debts do you have?

**16a.** **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☑ No. Go to line 16b.
☐ Yes. Go to line 17.

**16b.** **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☐ No. Go to line 16c.
☑ Yes. Go to line 17.

**16c.** State the type of debts you owe that are not consumer or business debts.

_____

**17.** Are you filing under Chapter 7?

☐ No. I am not filing under Chapter 7. Go to line 18.

Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?

☑ Yes. I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

☑ No
☐ Yes

**18.** How many creditors do you estimate that you owe?

☑ 1-49
☐ 50-99
☐ 100-199
☐ 200-999
☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**19.** How much do you estimate your assets to be worth?

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million
☑ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million
☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

**20.** How much do you estimate your liabilities to be?

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million
☑ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million
☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

Debtor 1    **Orly Genger** _____    Case number (if known) _____

| Part 7: | Sign Below |

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11, 12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

X **/s/ Orly Genger** _____         X _____
  Orly Genger, Debtor 1                                Signature of Debtor 2

Executed on **07/12/2019** _____                   Executed on _____
         MM / DD / YYYY                                            MM / DD / YYYY

Debtor 1    **Orly Genger**                                              Case number (if known)  _____

| | |
|---|---|
| **For your attorney, if you are represented by one** | I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible. I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect. |
| **If you are not represented by an attorney, you do not need to file this page.** | |

X  **/s/ Eric J. Taube**                                        Date  **07/12/2019**
   Signature of Attorney for Debtor                                   MM / DD / YYYY

   **Eric J. Taube**
   Printed name

   **Waller Lansden Dortch & Davis, LLP**
   Firm Name

   **100 Congress Avenue, 18th Floor**
   Number        Street

   _____

   _____

   **Austin**                                    **TX**     **78701**
   City                                          State      ZIP Code

   Contact phone  **(512) 685-6400**          Email address  **eric.taube@wallerlaw.com**

   **19679350**                                  **TX**
   Bar number                                    State

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

IN RE:   **Orly Genger**

CASE NO

CHAPTER   **7**

## VERIFICATION OF CREDITOR MATRIX

The above named Debtor hereby verifies that the attached list of creditors is true and correct to the best of his/her knowledge.

Date  7/12/2019

Signature   */s/ Orly Genger*
*Orly Genger*

Date

Signature

Arie Genger
19111 Collins Ave.
Apt. 706
Sunny Isles, FL 33160


Eric Herschmann
210 Lavaca St., Unit 1903
Austin, TX 78701


Internal Revenue Service
P.O. Box 21126
Philadelphia, PA 19114


Kasowitz, Benson, Torres LLP
Attn:  Daniel Benson, Esq.
1633 Broadway, 21st Floor
New York, NY 10019


Sagi Genger
c/o John Dellaportas
Emmt, Marvin & Martin, LLP
120 Broadway, 32nd Floor
New York, NY 10271


United States Trustee
903 San Jacinto, Ste. 230
Austin, TX 78701


Zeichner Ellman & Krause LLP
1211 Avenue of the Americas
40th Floor
New York, NY 10036

# Exhibit B

FILED: NEW YORK COUNTY CLERK 03/22/2019 04:47 PM    INDEX NO. 651089/2010
NYSCEF DOC. NO. 1529                                 RECEIVED NYSCEF: 05/14/2019
                                                     UNASSIGNED

NYSCEF DOC. NO. 1                                    RECEIVED NYSCEF: 11/21/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------X

ARIE GENGER and ORLY GENGER, in her individual          Index No. 651089/10
capacity and on behalf of THE ORLY GENGER
1993 TRUST,

                                    Plaintiffs,         **NOTICE OF APPEAL**

        - against –

SAGI GENGER, TPR INVESTMENT ASSOCIATES,
INC., DALIA GENGER, THE SAGI GENGER 1993
TRUST, ROCHELLE FANG, Individually and as
Trustee of THE SAGI GENGER 1993 TRUST,
GLENCLOVA INVESTMENT CO., TR INVESTORS,
LLC, NEW TR EQUITY I, LLC, NEW TR EQUITY II,
LLC, JULES TRUMP, EDDIE TRUMP, MARK
HIRSCH, and TRANS-RESOURCES, INC.,

                                    Defendants.

-------------------------------------------------------------X

SAGI GENGER, individually and as assignee of
THE SAGI GENGER 1993 TRUST, and TPR
INVESTMENT ASSOCIATES, INC.,

        Cross-Claimants, Counterclaimants, and
        Third Party Claimants,

        - against –

ARIE GENGER, ORLY GENGER, GLENCLOVA
INVESTMENT CO., TR INVESTORS, LLC, NEW TR
EQUITY I, LLC, NEW TR EQUITY II, LLC, JULES
TRUMP, EDDIE TRUMP, MARK HIRSCH,
TRANS-RESOURCES, INC., AND WILLIAM DOWD,

        Cross-Claim, Counterclaim, and/or
        Third Party Defendants.

-------------------------------------------------------------X

GLENCLOVA INVESTMENT CO., TR INVESTORS,
LLC, NEW TR EQUITY I, LLC, NEW TR EQUITY II,
LLC, JULES TRUMP, EDDIE TRUMP, MARK
HIRSCH, and TRANS-RESOURCES, INC.,

        Counterclaimants, Cross-Claimants, and
        Third Party Plaintiffs,

FILED: NEW YORK COUNTY CLERK 03/22/2019 04:47 PM
INDEX NO. 651089/2010

NYSCEF DOC. NO. 1529
RECEIVED NYSCEF: 05/14/2019

- against –

ARIE GENGER, ORLY GENGER, SAGI GENGER,
TPR INVESTMENT ASSOCIATES, INC.,
THE SAGI GENGER 1993 TRUST, WILLIAM
DOWD, ARNOLD BROSER, DAVID BROSER,
and ONE OR MORE ENTITIES DIRECTED,
OWNED OR CONTROLLED BY ARNOLD
BROSER AND/OR DAVID BROSER,

               Counterclaim, Cross-Claim, and/or
               Third Party Defendants.

-------------------------------------------------------------------X

      **PLEASE TAKE NOTICE** that defendant Dalia Genger ("Dalia") hereby appeals to the

Appellate Division of the Supreme Court of the State of New York, First Judicial Department,

from (i) the decision and order of the Supreme Court, New York County (Jaffe, J.S.C.) (D.I.

1520), dated February 19, 2019, and entered by the Clerk of this Court on February 20, 2019 (the

"Order"); (ii) the interim order dated and entered May 7, 2015 (D.I. 1279), holding in abeyance

Dalia's motion to be substituted and for the Plaintiffs' Trump Group claim settlement funds to be

paid into Court and ultimately to the Orly Trust pending the outcome of Orly Genger's petition

in the Surrogate's Court to remove Dalia as trustee of the Orly Trust (Mot. Seq. No. 42), which

interim order was made final by the Order, and (iii) any and all other prior non-final judgments

and orders of the IAS Court and the Appellate Division in this action which necessarily affect the

Order. A true and correct copy of the Order and the interim order, with notices of entry dated

February 20, 2019, and March 5, 2019, are filed herewith.

Dated: March 22, 2019
       New City, New York

                                     /s/
                                Judith Bachman, Esq.
                                Attorney for Defendant-Appellant
                                Dalia Genger
                                365 South Main Street, 2nd Floor
                                New City, New York 10956
                                845-639-3210

TO: All counsel of record

FILED: NEW YORK COUNTY CLERK 03/22/2019 04:47 PM INDEX NO. 651089/2010

FILED: NEW YORK COUNTY CLERK 02/20/2019 05:33 PM
RECEIVED NYSCEF: 651089/2010

NYSCEF DOC. NO. 1521

RECEIVED NYSCEF: 02/20/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------------- X
ARIE GENGER, *et al.*,                           :
                                                 :          Index No. 651089/2010
                 Plaintiffs,                     :
                                                 :          Hon. Barbara Jaffe
         v.                                      :
                                                 :          Mot. Seq. No. 42
SAGI GENGER, TPR INVESTMENT                      :
ASSOCIATES, INC., *et al.*                       :          **NOTICE OF ENTRY**
                                                 :
                 Defendants.                     :
----------------------------------------------- X

        PLEASE TAKE NOTICE that attached hereto as Exhibit A is a true and correct copy of

the Decision and Order in this action, dated February 19, 2019, duly entered in the Office of the

Clerk of the County of New York on February 20, 2019 (NYSCEF Doc. No. 1520), denying in

its entirety the motion of Dalia Genger to substitute herself as plaintiff and direct that the Trump

Group settlement fund be paid into court.


Dated: New York, New York
       February 20, 2019


                                                 KASOWITZ BENSON TORRES LLP


                                                 /s/ Michael Paul Bowen
                                                 Michael Paul Bowen
                                                 Andrew R. Kurland
                                                 1633 Broadway
                                                 New York, NY 10019



TO:
       All Counsel of Record (via NYSCEF)

       Judith Bachman, Esq.
       254 S Main St, Suite 306
       New City, NY 10956

       *Counsel for Dalia Genger*

FILED: NEW YORK COUNTY CLERK 03/22/2019 04:47 PM          INDEX NO. 651089/2010

NYSCEF DOC. NO. 1524                                       RECEIVED NYSCEF: 05/14/2019

FILED: NEW YORK COUNTY CLERK 03/05/2019 10:59 AM          INDEX NO. 651089/2010E

NYSCEF DOC. NO. 1524                                       RECEIVED NYSCEF: 03/05/2019

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

|  |  |
|---|---|
| ARIE GENGER and ORLY GENGER, in her individual capacity and on behalf of THE ORLY GENGER 1993 TRUST,<br><br>    Plaintiffs,<br><br>    - against -<br><br>SAGI GENGER, TPR INVESTMENT ASSOCIATES, INC., DALIA GENGER, THE SAGI GENGER 1993 TRUST, ROCHELLE FANG, Individually and as Trustee of THE SAGI GENGER 1993 TRUST, GLENCLOVA INVESTMENT CO., TR INVESTORS, LLC, NEW TR EQUITY I, LLC, NEW TR EQUITY II, LLC, JULES TRUMP, EDDIE TRUMP, MARK HIRSCH, and TRANS-RESOURCES, INC.,<br><br>    Defendants. | INDEX NO. 651089/2010E<br><br>Hon. Barbara Jaffe<br><br>Part 12<br><br><br><br><br><br>**NOTICE OF ENTRY** |
| SAGI GENGER, individually and as assignee of THE SAGI GENGER 1993 TRUST, and TPR INVESTMENT ASSOCIATES, INC.,<br><br>    Cross-Claimants, Counterclaimants, and<br>    Third Party Claimants,<br><br>    - against -<br><br>ARIE GENGER, ORLY GENGER, GLENCLOVA INVESTMENT CO., TR INVESTORS, LLC, NEW TR EQUITY I, LLC, NEW TR EQUITY II, LLC, JULES TRUMP, EDDIE TRUMP, MARK HIRSCH, TRANS-RESOURCES, INC., AND WILLIAM DOWD,<br><br>    Cross-Claim, Counterclaim, and/or<br>    Third Party Defendants. | |

FILED: NEW YORK COUNTY CLERK 03/22/2019 04:47 PM     INDEX NO. 651089/2010
NYSCEF DOC. NO.    FILED: NEW YORK COUNTY CLERK 03/05/2019 10:59 AM     RECEIVED NYSCEF: 05/14/2019

NYSCEF DOC. NO. 1524     RECEIVED NYSCEF: 03/05/2019

GLENCLOVA INVESTMENT CO., TR INVESTORS, LLC,
NEW TR EQUITY I, LLC, NEW TR EQUITY II, LLC,
JULES TRUMP, EDDIE TRUMP, MARK HIRSCH, and
TRANS-RESOURCES, INC.,

        Counterclaimants, Cross-Claimants, and
        Third Party Plaintiffs,

        - against -

ARIE GENGER, ORLY GENGER, SAGI GENGER, TPR
INVESTMENT ASSOCIATES, INC., THE SAGI GENGER
1993 TRUST, WILLIAM DOWD, ARNOLD BROSER,
DAVID BROSER, and ONE OR MORE ENTITIES
DIRECTED, OWNED OR CONTROLLED BY ARNOLD
BROSER AND/OR DAVID BROSER,

        Counterclaim, Cross-Claim, and/or
        Third Party Defendants.

**PLEASE TAKE NOTICE** that the attached is a true and correct copy of the Decision

and Order dated February 19, 2019, duly entered in the above-entitled action in the Office of the

Clerk of the Supreme Court, New York County on February 20, 2019 (NYSECF Doc. No. 1520).

Dated: New York, New York
      March 5, 2019

SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP

By: _/s/John Boyle_
John Boyle
Four Times Square
New York, New York 10036
(212) 735-3000

*Attorneys for Trans-Resources, Glenclova*
*Investment Co., TR Investors, LLC, New TR*
*Equity I, LLC, New TR Equity II, LLC, Jules*
*Trump, Eddie Trump, and Mark Hirsch*

2

FILED: NEW YORK COUNTY CLERK 03/22/2019 04:47 PM    INDEX NO. 651089/2010
NYSCEF DOC. NO.                                      RECEIVED NYSCEF: 03/22/2019
FILED: NEW YORK COUNTY CLERK 03/05/2019 10:59 AM    INDEX NO. 651089/2010
NYSCEF DOC. NO. 1524                                 RECEIVED NYSCEF: 03/05/2019

To:

    All Counsel of Record (via NYSCEF)

    Judith Bachman, Esq.
    254 S Main St, Suite 306
    New City, NY 10956
    *Attorney for Dalia Genger*

FILED: NEW YORK COUNTY CLERK 03/22/2019 04:47 PM   INDEX NO. 651089/2010
NYSCEF DOC. NO. 1520   RECEIVED NYSCEF: 03/14/2019

FILED: NEW YORK COUNTY CLERK 02/26/2019 03:33 PM   INDEX NO. 651089/2010
NYSCEF DOC. NO. 1520   RECEIVED NYSCEF: 02/26/2019

## SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

| | |
|---|---|
| PRESENT:   HON. BARBARA JAFFE | PART   IAS MOTION 12EFM |
| _____ | |
| *Justice* | |

| | |
|---|---|
| ARIE GENGER, ORLY GENGER, ORLY GENGER 1993 TRUST, | INDEX NO.   651089/2010 |
| | MOTION DATE   _____ |
| Plaintiff, | MOTION SEQ. NO.   042 |
| - v - | |
| SAGI GENGER, TPR INVESTMENT ASSOCIATES, *et al.*, | **DECISION AND ORDER** |
| Defendants. | |

The following e-filed documents, listed by NYSCEF document number (Motion 042) 1099-1108, 1137, 1140-1142, 1145, 1146, 1151, 1152, 1157, 1165, 1166, 1210-1247, 1275, 1279, 1391, 1408

were read on this motion to/for _____ substitution/payment into court _____ .

In light of the dismissal of this action (*Genger v Genger*, 144 AD3d 581 [1st Dept 2016]), this motion is now moot. Accordingly, it is hereby

ORDERED, that the motion of defendant Dalia Genger to substitute herself as plaintiff and to direct that the Trump Group settlement fund be paid into court is denied in its entirety; it is further

ORDERED, that the stay previously imposed is lifted; and it is further

ORDERED, that the Clerk of the Court mark this motion as disposed.

| 2/19/2019 | | | | | $SIG$ | |
|---|---|---|---|---|---|---|
| **DATE** | | | | | BARBARA JAFFE, J.S.C. | |
| | | | | | HON. BARBARA JAFFE | |
| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | | | |
| | ☐ GRANTED | ☒ DENIED | ☐ GRANTED IN PART | | ☐ OTHER | |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | | | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | | ☐ REFERENCE | |

FILED: NEW YORK COUNTY CLERK 03/22/2019 04:47 PM   INDEX NO. 651089/2010
NYSCEF DOC. NO. 1279                                 RECEIVED NYSCEF: 03/14/2019

FILED: NEW YORK COUNTY CLERK 05/07/2015 03:07 PM   INDEX NO. 651089/2010
NYSCEF DOC. NO. 1279                                 RECEIVED NYSCEF: 05/07/2015

# SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

**PRESENT:  Hon. BARBARA JAFFE**          **PART 12**
                    *Justice*

---

ARIE GENGER and ORLY GENGER, in her individual capacity
and on behalf of THE ORLY GENGER 1993 TRUST,          INDEX NO.  651089/2010
                                                       MOTION DATE
                    **Plaintiffs,**                    MOTION SEQ. NO.  42
                                                       CALENDAR NO.

                    - v -
                                                       **INTERIM ORDER**

SAGI GENGER, TPR INVESTMENT ASSOCIATES, INC.,
DALIA GENGER, *et al.*,

                    **Defendants.**

---

The following paper, numbered 1, was read on this motion.

| | PAPERS NUMBERED |
|---|---|
| Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ... | |
| Answer —  Affidavits — Exhibits | |
| Replying Affidavits | |

Cross-Motion:  ☐ Yes   ☐ No

        Defendant Dalia Genger's motion for an order substituting her, as trustee, as plaintiff for
Orly Genger's Trump Group claims, and for an order pursuant to CPLR 2701 directing that the
Trump Group settlement fund be paid into Court is held in abeyance pending the Surrogate's
Court's resolution of Orly Genger's petition to remove Dalia Genger as trustee of Orly Trust.
(*See Genger v Genger*, interim order dated Apr. 1, 2015, index No. 113862/2010 [mot. seq. no.
2]).

MOTION/CASE IS RESPECTFULLY REFERRED TO
J.S.C.

JUSTICE
DATED:    Dated:    5/7/15                              J.S. **BARBARA JAFFE**
                                                            J.S.C.

Check one:  ☐ FINAL DISPOSITION   ☐ NON-FINAL DISPOSITION
Check if appropriate:  ☐ DO NOT POST   ☐ REFERENCE

FILED: NEW YORK COUNTY CLERK 03/22/2019 04:47 PM   INDEX NO. 651089/2010
NYSCEF DOC. NO. 1529                                RECEIVED NYSCEF: 05/14/2019

# Supreme Court of the State of New York
# Appellate Division: First Judicial Department

Informational Statement (Pursuant to 22 NYCRR 1250.3 [a]) - Civil

| Case Title: Set forth the title of the case as it appears on the summons, notice of petition or order to show cause by which the matter was or is to be commenced, or as amended. | For Court of Original Instance |
|---|---|
| Arie Genger and Orly Genger, in her individual capacity and on behalf of the Orly Genger 1993 Trust, Plaintiffs<br><br>- against -<br><br>Sagi Genger, TPR Investment Associates, Inc., Dalia Genger, The Sagi Genger Trust, Rochelle Fang, individually and as Trustee of the Sagi Genger 1993 Trust, Glencova Investment Co., TR Investors, LLC, New TR Equity I, LLC, New TR Equity II, LLC, JulesTrump, Eddie Trump, Mark Hirsch and Trans-Resources, Inc., Defendants. | Date Notice of Appeal Filed<br><br>For Appellate Division |

| Case Type | | Filing Type | |
|---|---|---|---|
| ☒ Civil Action | ☐ CPLR article 78 Proceeding | ☒ Appeal | ☐ Transferred Proceeding |
| ☐ CPLR article 75 Arbitration | ☐ Special Proceeding Other | ☐ Original Proceedings | ☐ CPLR Article 78 |
| | ☐ Habeas Corpus Proceeding | ☐ CPLR Article 78 | ☐ Executive Law § 298 |
| | | ☐ Eminent Domain | ☐ CPLR 5704 Review |
| | | ☐ Labor Law 220 or 220-b | |
| | | ☐ Public Officers Law § 36 | |
| | | ☐ Real Property Tax Law § 1278 | |

**Nature of Suit:** Check up to three of the following categories which best reflect the nature of the case.

| | | | |
|---|---|---|---|
| ☐ Administrative Review | ☒ Business Relationships | ☐ Commercial | ☐ Contracts |
| ☐ Declaratory Judgment | ☐ Domestic Relations | ☐ Election Law | ☒ Estate Matters |
| ☐ Family Court | ☐ Mortgage Foreclosure | ☐ Miscellaneous | ☐ Prisoner Discipline & Parole |
| ☐ Real Property (other than foreclosure) | ☐ Statutory | ☐ Taxation | ☐ Torts |

Informational Statement - Civil

| Appeal | |
|---|---|
| **Paper Appealed From (Check one only):** | If an appeal has been taken from more than one order or judgment by the filing of this notice of appeal, please indicate the below information for each such order or judgment appealed from on a separate sheet of paper. |

| | | | |
|---|---|---|---|
| ☐ Amended Decree | ☐ Determination | ☐ Order | ☐ Resettled Order |
| ☐ Amended Judgement | ☐ Finding | ☐ Order & Judgment | ☐ Ruling |
| ☐ Amended Order | ☐ Interlocutory Decree | ☐ Partial Decree | ☐ Other (specify): |
| ☒ Decision | ☐ Interlocutory Judgment | ☐ Resettled Decree | |
| ☐ Decree | ☐ Judgment | ☐ Resettled Judgment | |

| Court: | Supreme Court | County: | New York |
|---|---|---|---|
| Dated: | 02/19/2019 | Entered: February 20, 2019 | |
| Judge (name in full): Hon. Barbara Jaffe | | Index No.: 651089/10 | |
| Stage: ☐ Interlocutory ☒ Final ☐ Post-Final | | Trial: ☐ Yes ☒ No   If Yes: ☐ Jury ☐ Non-Jury | |

| Prior Unperfected Appeal and Related Case Information |
|---|

Are any appeals arising in the same action or proceeding currently pending in the court?   ☐ Yes ☒ No

If Yes, please set forth the Appellate Division Case Number assigned to each such appeal.

Where appropriate, indicate whether there is any related action or proceeding now in any court of this or any other jurisdiction, and if so, the status of the case:

Dalia Genger v. Arie Genger, 113862/10 (Sup. Ct. New York County) (stayed)
Sagi Genger v. Orly Genger, 17-CV-8181 (S.D.N.Y.) (post-judgment)
In the Matter of the Application of Orly Genger, for the removal of Dalia Genger as Trustee of the Orly Genger Trust 0017/08 (Surr. Ct. New York) (pending)

| Original Proceeding |
|---|

| Commenced by: ☐ Order to Show Cause ☐ Notice of Petition ☐ Writ of Habeas Corpus | Date Filed: |
|---|---|
| Statute authorizing commencement of proceeding in the Appellate Division: | |

| Proceeding Transferred Pursuant to CPLR 7804(g) |
|---|

| Court: | Choose Court | County: | Choose County |
|---|---|---|---|
| Judge (name in full): | | Order of Transfer Date: | |

| CPLR 5704 Review of Ex Parte Order |
|---|

| Court: | Choose Court | County: | Choose County |
|---|---|---|---|
| Judge (name in full): | | Dated: | |

| Description of Appeal, Proceeding or Application and Statement of Issues |
|---|

**Description:** If an appeal, briefly describe the paper appealed from. If the appeal is from an order, specify the relief requested and whether the motion was granted or denied. If an original proceeding commenced in this court or transferred pursuant to CPLR 7804(g), briefly describe the object of proceeding. If an application under CPLR 5704, briefly describe the nature of the ex parte order to be reviewed.

Dalia Genger, as trustee, by her motion sought an order substituting herself as Plaintiff on Orly Genger's Trump Group claims, and for an order pursuant to CPLR 2701 directing that the Trump Group settlement fund be paid into Court and ultimately to the Orly Trust. On November 25, 2014, the IAS Court dismissed Plaintiffs' Trump Group claims pursuant to a settlement agreement, and the IAS Court severed the cross-claims, counterclaims and third-party claims. On May 7, 2015, the IAS Court held in abeyance Dalia's motion to be substituted and for the Plaintiffs' Trump Group claim settlement funds to be paid into Court. On November 29, 2016, the the Orly Trust pending the outcome of Orly Genger's petition in the Surrogate's Court to remove Dalia as trustee of the Orly Trust. Such matter is still pending in the Surrogate's Court. On February 19, 2019 (entered on February 20, Appellate Division, First Department, affirmed the dismissal of Plaintiffs' Trump Group claims pursuant to a settlement agreement by the IAS Court of the Complaint. On February 19, 2019 (entered on February 20, 2019), the IAS Court denied Dalia's motion to be substituted and for the Plaintiffs' Trump Group claim settlement funds to be paid into Court and ultimately to the Orly Trust as moot on the grounds that the Appellate Division, First Department affirmed the dismissal of the action.

Informational Statement - Civil

| Appeal | |
|---|---|
| Paper Appealed From (Check one only): | If an appeal has been taken from more than one order or judgment by the filing of this notice of appeal, please indicate the below information for each such order or judgment appealed from on a separate sheet of paper. |

| | | | |
|---|---|---|---|
| ☐ Amended Decree | ☐ Determination | ☒ Order | ☐ Resettled Order |
| ☐ Amended Judgement | ☐ Finding | ☐ Order & Judgment | ☐ Ruling |
| ☐ Amended Order | ☐ Interlocutory Decree | ☐ Partial Decree | ☐ Other (specify): |
| ☐ Decision | ☐ Interlocutory Judgment | ☐ Resettled Decree | |
| ☐ Decree | ☐ Judgment | ☐ Resettled Judgment | |

| Court: | Supreme Court ▾ | County: | New York ▾ |
|---|---|---|---|
| Dated: | ~~XX/XX/XXXX~~ May 7, 2015 | Entered: May 7, 2015 | |
| Judge (name in full): Hon. Barbara Jaffe | | Index No.: 651089/10 | |
| Stage: ☒ Interlocutory ☐ Final ☐ Post-Final | | Trial: ☐ Yes ☒ No   If Yes: ☐ Jury ☐ Non-Jury | |

**Prior Unperfected Appeal and Related Case Information**

Are any appeals arising in the same action or proceeding currently pending in the court?   ☐ Yes ☒ No
If Yes, please set forth the Appellate Division Case Number assigned to each such appeal.

Where appropriate, indicate whether there is any related action or proceeding now in any court of this or any other jurisdiction, and if so, the status of the case:
Dalia Genger v. Arie Genger, 113862/10 (Sup. Ct, New York County) (stayed)
Sagi Genger v. Orly Genger, 17-CV-8181 (S.D.N.Y.) (post judgment)
In the Matter of the Application of Orly Genger, for the removal of Dalia Genger as Trustee of the Orly Genger Trust 0017/08 (Surr. Ct. New York) (pending)

**Original Proceeding**

| Commenced by: ☐ Order to Show Cause ☐ Notice of Petition ☐ Writ of Habeas Corpus | Date Filed: |
|---|---|
| Statute authorizing commencement of proceeding in the Appellate Division: | |

**Proceeding Transferred Pursuant to CPLR 7804(g)**

| Court: | Choose Court | County: | Choose County |
|---|---|---|---|
| Judge (name in full): | | Order of Transfer Date: | |

**CPLR 5704 Review of Ex Parte Order**

| Court: | Choose Court | County: | Choose County |
|---|---|---|---|
| Judge (name in full): | | Dated: | |

**Description of Appeal, Proceeding or Application and Statement of Issues**

Description: If an appeal, briefly describe the paper appealed from. If the appeal is from an order, specify the relief requested and whether the motion was granted or denied. If an original proceeding commenced in this court or transferred pursuant to CPLR 7804(g), briefly describe the object of proceeding. If an application under CPLR 5704, briefly describe the nature of the ex parte order to be reviewed.

Dalia Genger, as trustee, by her motion sought an order authorizing herself as Plaintiff on Orly Genger's Trump Group claim, and to re-order pursuant to CPLR 7701 directing that the Trump Group settlement fund be paid into Court and ultimately to the Orly Trust. On November 24, 2014, the NJS Court dismissed Plaintiffs' Trump Group claims pursuant to a settlement agreement, and the NJS Court severed the cross-claims, counterclaims and third party claims. On May 7, 2015, the NJS Court held in abeyance Dalia's motion to be substituted and for the Plaintiff's Trump Group claim settlement funds to be paid into Court and ultimately to the Orly Trust pending the outcome of Orly Genger's motion in the Surrogate's Court to remove Dalia as trustee of the Orly Trust. Such motion is still pending in the Surrogate's Court. On November 20, 2018, the Appellate Division, First Department, affirmed the dismissal of Plaintiffs' Trump Group claims pursuant to a settlement agreement by the NJS Court of the Complaint. On February 19, 2019 (entered on February 20, 2019), the NJS Court denied Dalia's motion to be substituted and for the Plaintiff's Trump Group claim settlement funds to be paid into Court and ultimately to the Orly Trust as moot on the grounds that the Appellate Division, First Department affirmed the dismissal of the action.

Informational Statement - Civil

FILED: NEW YORK COUNTY CLERK 03/22/2019 04:47 PM INDEX NO. 651089/2010
NYSCEF DOC. NO. 1529 RECEIVED NYSCEF: 05/14/2019

**Issues:** Specify the issues proposed to be raised on the appeal, proceeding, or application for CPLR 5704 review, the grounds for reversal, or modification to be advanced and the specific relief sought on appeal.

The IAS Court decision was erroneous because neither the IAS Court nor the Appellate Division, First Department ever decided that branch of Dalia's motion for the Plaintiffs' Trump Group claim settlement funds to be paid into Court and ultimately to the Orly Trust. These funds rightfully belong to the Orly Trust.

## Party Information

**Instructions:** Fill in the name of each party to the action or proceeding, one name per line. If this form is to be filed for an appeal, indicate the status of the party in the court of original instance and his, her, or its status in this court, if any. If this form is to be filed for a proceeding commenced in this court, fill in only the party's name and his, her, or its status in this court.

| No. | Party Name | Original Status | Appellate Division Status |
|-----|------------|-----------------|---------------------------|
| 1 | Arie Genger | Plaintiff | Respondent |
| 2 | Orly Genger | Plaintiff | Respondent |
| 3 | Dalia Genger | Defendant | Appellant |
| 4 | Sagi Genger, Individually and on behalf of the Sagi Genger 1993 Trust | Defendant | Respondent |
| 5 | TPR Investment Associates, Inc. | Defendant | Respondent |
| 6 | Glencova Investment Co. | Defendant | Respondent |
| 7 | TR Investors, LLC | Defendant | Respondent |
| 8 | New TR Equity I, LLC | Defendant | Respondent |
| 9 | New TR Equity II, LLC | Defendant | Respondent |
| 10 | Jules Trump | Defendant | Respondent |
| 11 | Eddie Trump | Defendant | Respondent |
| 12 | Mark Hirsch | Defendant | Respondent |
| 13 | Trans-Resources, Inc. | Defendant | Respondent |
| 14 | | | |
| 15 | | | |
| 16 | | | |
| 17 | | | |
| 18 | | | |
| 19 | | | |
| 20 | | | |

Informational Statement - Civil

FILED: NEW YORK COUNTY CLERK 03/22/2019 04:47 PM   INDEX NO. 651089/2010
NYSCEF DOC. NO. 1529                                 RECEIVED NYSCEF: 05/14/2019

| Attorney Information |
|---|

**Instructions:** Fill in the names of the attorneys or firms for the respective parties. If this form is to be filed with the notice of petition or order to show cause by which a special proceeding is to be commenced in the Appellate Division, only the name of the attorney for the petitioner need be provided. In the event that a litigant represents herself or himself, the box marked "Pro Se" must be checked and the appropriate information for that litigant must be supplied in the spaces provided.

Attorney/Firm Name: Judith Bachman, The Bachman Law Firm PLLC

Address: 365 S. Main Street, 2nd Fl

| City: New City | State: NY | Zip: 10956 | Telephone No: 845-639-3210 |
|---|---|---|---|

E-mail Address: judith@thebachmanlawfirm.com

| Attorney Type: | ☒ Retained | ☐ Assigned | ☐ Government | ☐ Pro Se | ☐ Pro Hac Vice |
|---|---|---|---|---|---|

Party or Parties Represented (set forth party number(s) from table above):     3

Attorney/Firm Name: Michael Bowen, Kasowitz Benson Torres LLP

Address: 1633 Broadway

| City: New York | State: NY | Zip: 10019 | Telephone No: 212-506-1700 |
|---|---|---|---|

E-mail Address: mbowen@kasowitz.com

| Attorney Type: | ☒ Retained | ☐ Assigned | ☐ Government | ☐ Pro Se | ☐ Pro Hac Vice |
|---|---|---|---|---|---|

Party or Parties Represented (set forth party number(s) from table above):     1, 2

Attorney/Firm Name: John Dellaportas, Kelley Drye & Moore LLP

Address: 101 Park Avenue

| City: New York | State: NY | Zip: 10178 | Telephone No: 212-808-7800 |
|---|---|---|---|

E-mail Address: jdellaportas@kelleydrye.com

| Attorney Type: | ☒ Retained | ☐ Assigned | ☐ Government | ☐ Pro Se | ☐ Pro Hac Vice |
|---|---|---|---|---|---|

Party or Parties Represented (set forth party number(s) from table above):     4, 5

Attorney/Firm Name: John Boyle, Skadden Arps Slate Meagher and Flom LLP

Address: Four Times Square

| City: New York | State: NY | Zip: 10036 | Telephone No: 212-735-3000 |
|---|---|---|---|

E-mail Address: john.boyle@skadden.com

| Attorney Type: | ☒ Retained | ☐ Assigned | ☐ Government | ☐ Pro Se | ☐ Pro Hac Vice |
|---|---|---|---|---|---|

Party or Parties Represented (set forth party number(s) from table above):     6 – 13

Attorney/Firm Name:

Address:

| City: | State: | Zip: | Telephone No: |
|---|---|---|---|

E-mail Address:

| Attorney Type: | ☐ Retained | ☐ Assigned | ☐ Government | ☐ Pro Se | ☐ Pro Hac Vice |
|---|---|---|---|---|---|

Party or Parties Represented (set forth party number(s) from table above):

Attorney/Firm Name:

Address:

| City: | State: | Zip: | Telephone No: |
|---|---|---|---|

E-mail Address:

| Attorney Type: | ☐ Retained | ☐ Assigned | ☐ Government | ☐ Pro Se | ☐ Pro Hac Vice |
|---|---|---|---|---|---|

Party or Parties Represented (set forth party number(s) from table above):

Informational Statement - Civil