UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MANHATTAN SAFETY MAINE, INC. and RECOVERY EFFORT, INC., <br><br> Plaintiffs, <br><br> - against - <br><br> ARNOLD BROSER, DAVID BROSER, TEDCO, INC., and JOHN DOES 1-10, <br><br> Defendants, <br><br> - and - <br><br> ADBG LLC, the GENGER LITIGATION TRUST, and MICHAEL BOWEN, in his capacity as paying agent, <br><br> Nominal Defendants. | Case No. 1:19-cv-5642 (MKV) (VF) <br><br> **<u>NOTICE OF MOTION</u>** |

PLEASE TAKE NOTICE that on a date convenient to this Court, Manhattan

Safety Maine, Inc., by and through the undersigned counsel, will move before the

Honorable Judge Mary Kay Vyskocil, in the United States District Court for the

Southern District of New York, Courtroom 18C, 500 Pearl Street, New York, New York

10007, for entry of an order pursuant to Fed. R. Civ. P. § 25(c) granting the substitution

of Manhattan Safety Maine, Inc., an entity formed under the laws of the State of

Wyoming, for Plaintiff Manhattan Safety Maine, Inc., an entity organized under the

laws of the State of Maine.

Dated:	December 8, 2025
	New York, NY

**POLLOCK COHEN LLP**


By:	 /s/ *Adam Pollock*
Adam Pollock
111 Broadway, Suite 1804
New York, NY 10006
Adam@PollockCohen.com
(212) 337-5361

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MANHATTAN SAFETY MAINE, INC. and
RECOVERY EFFORT, INC.,

     Plaintiffs,

        - against -

ARNOLD BROSER, DAVID BROSER,
TEDCO, INC., and JOHN DOES 1-10,

     Defendants,

        - and -

ADBG LLC, the GENGER LITIGATION
TRUST, and MICHAEL BOWEN, in his
capacity as paying agent,

     Nominal Defendants.

Case No. 1:19-cv-5642 (MKV) (VF)

**MEMORANDUM OF LAW IN
SUPPORT OF MOTION
TO SUBSTITUTE
PURSUANT TO FRCP 25(C)**

POLLOCK COHEN LLP
111 Broadway Suite 1804
New York, NY 10006
*Attorneys for Plaintiffs*

Plaintiff Manhattan Safety Maine, Inc. moves for entry of an order pursuant to Fed. R. Civ. P. § 25(c) granting the substitution of Manhattan Safety Maine, Inc., an entity formed under the laws of the State of Wyoming ("MSM WY"), for Plaintiff Manhattan Safety Maine, Inc., an entity organized under the laws of the State of Maine ("MSM ME").

### *Introduction*

In December 2019, Plaintiff Manhattan Safety Maine, Inc., an entity organized under the laws of the State of Maine, elected to continue as a Wyoming corporation, pursuant to Wyoming law. As a result of this election, the Maine corporation was dissolved and the Wyoming entity continued in its stead to the present day. Under the terms of Wyoming law, the Wyoming entity retained all of the Maine entity's property rights and obligations, including, necessarily, all rights asserted in this case.

Because MSM WY (and not MSM ME) is now the "real party in interest," Plaintiff Manhattan Safety Maine, Inc. seeks to substitute MSM WY in the place of MSM ME as plaintiff in this case.

### *Procedural Background*

Plaintiffs filed the Complaint in this action on June 17, 2019. (Dkt. no. 1.) A month later, on July 12, 2019, Orly Genger filed a bankruptcy petition in the Western District of Texas. *In re: Orly Genger*, No. 19-10926 (Bankr. W.D. Tex., 2019). On February 6, 2020, this Court entered an initial stay of this case. (Dkt. no. 60.) The stay was continued on several occasions until it was lifted by order of this Court dated July 22, 2025. (Dkt. no. 91.) This Court entered a Scheduling Order on September 25, 2025, pursuant to which all fact discovery must be completed by April 30, 2026. (Dkt. no. 103.)

***This Court should substitute the Wyoming entity.***

This Court should substitute Manhattan Safety Maine, Inc., an entity formed under the laws of the State of Wyoming ("MSM WY"), for Plaintiff Manhattan Safety Maine, Inc., an entity organized under the laws of the State of Maine ("MSM ME").

Rule 25(c) of the Fed. R. Civ. P. provides that if an interest is transferred, the Court may, on motion, order "the transferee to be substituted in the action." Rule 25(c) substitution "is a procedural mechanism designed to facilitate the continuation of an action when an interest in a lawsuit is transferred and does not affect the substantive rights of the parties." *Travelers Ins. Co. v. Broadway W. St. Assoc.*, 164 F.R.D. 154, 164 (S.D.N.Y. 1995). The purpose of Rule 25(c) "is to allow a case to continue even when an interest changes hands without requiring a new suit." *United States SEC v. Collector's Coffee Inc.*, 451 F. Supp. 3d 295, 297 (S.D.N.Y. 2020) (citations omitted). "Courts will frequently grant substitution where a party has fully transferred its interest to another person or entity." *Id.* at 297–98 (collecting cases).

Substitution of a successor in interest "is generally within the sound discretion of the trial court." *Organic Cow, LLC v. Ctr. for New Eng. Dairy Compact Research*, 335 F.3d 66, 71 (2d Cir 2003). In deciding whether to grant a motion for substitution pursuant to Rule 25(c), "a court should consider 'whether substitution will expedite and simplify the action.'" *Collector's Coffee*, 451 F. Supp. 3d at 298 (citations omitted). Courts in this district have observed that, "[a]s would be expected given the purposes of the rule, substitution under Fed. R. Civ. P. 25(c) is common in cases where a party has ceased to exist, or where a party has transferred its interest in a litigation to a non-party." *Fashion G5 LLC v. Anstalt*, 2016 U.S. Dist. LEXIS 165134, at *6 (S.D.N.Y. Nov. 29, 2016) (granting substitution of plaintiff's successor-in-interest by assignment)

- 2 -

(citing *GE Capital Corp. v. E. Bus. Sys.*, 2016 U.S. Dist. LEXIS 83780 (E.D.N.Y. June 28, 2016)); *Levin v. Raynor*, 2010 U.S. Dist. LEXIS 52157 (S.D.N.Y. May 25, 2010) (substituting defendant's successor-in-interest following merger); *Dollar Dry Dock Sav. Bank v. Hudson St. Dev. Assoc.*, 1995 U.S. Dist. LEXIS 9672 (S.D.N.Y. July 11, 1995) (substituting plaintiff's assignee on ground that it was the "real party in interest").

MSM ME was organized under the laws of Maine on June 12, 2019. (Rodriguez Decl.[1] ¶ 3.) MSM ME and Plaintiff Recovery Effort, Inc. ("REI") filed the Complaint in this action on June 17, 2019. (Dkt. no. 1). On November 27, 2019, all officers and directors of MSM ME duly authorized the continuance of the company into Wyoming. (Rodriguez Decl. ¶ 4.) MSM ME was dissolved on the same day. (*Id*. ¶ 5.) On December 10, 2019, Edward A. Buchanan, Secretary of State of the State of Wyoming, certified that Manhattan Safety Maine, Inc. had renounced its jurisdiction of formation (i.e. Maine) and "is now formed under the laws of the State of Wyoming in accordance with Wyoming statutes." (*Id*. ¶ 6.)

Under the Wyoming Business Corporation Act, "any corporation … incorporated … under the laws of any jurisdiction other than this state may, if the jurisdiction will acknowledge the corporation's termination of domicile in the foreign jurisdiction, apply to the secretary of state for registration under this act, thus continuing the foreign corporation in Wyoming as if it had been incorporated in this state." Wyo. Stat. Ann. § 17-16-1810. Paragraph (f) of the same statute specifies that when a foreign corporation is continued as a Wyoming corporation, the Wyoming corporation retains all of the foreign corporation's property rights and obligations: "When a foreign

---

[1] Declaration of Robin Rodriguez, sworn December 8, 2025 ("Rodriguez Decl.").

corporation is continued as a corporation under this act, such continuance shall not affect the corporation's ownership of its property or liability for any existing obligations, causes of action, claims, pending or threatened prosecutions or civil or administrative actions, convictions, rulings, orders, judgments, or any other characteristics or aspects of the corporation and its existence." Wyo. Stat. Ann. § 17-16-1810(f); *see also Trinchitella v. Am. Reality Partners, LLC*, 2020 U.S. Dist. LEXIS 167748, at *6 (E.D. Cal. Sep. 14, 2020) (finding that a party's "redomestication to Wyoming [pursuant to Wyo. Stat. Ann. § 17-16-1810] had no legal impact on the corporation's assets and liabilities"); *Haney v. Bridge to Life, Ltd.*, 2020 U.S. Dist. LEXIS 50507, at *10 (N.D. Ill. Mar. 24, 2020) ("property of corporation … that redomesticates to Wyoming unaffected by redomestication").

Here, because MSM ME no longer exists and MSM WY holds all of the property rights that MSM ME held at the time that it dissolved, substitution of MSM WY in the place of MSM ME will simplify the action by clarifying that MSM WY holds the right to enforce the claims originally asserted by MSM ME. Thus, this motion is consistent with Fed. R. Civ. P. § 17(a)(1), which requires that an action "be prosecuted in the name of the real party in interest." In this case, MSM WY, not MSM ME, is the "real party in interest." Furthermore, substitution of MSM WY in the place of MSM ME will not raise any new claims or defenses in this action, require any additional discovery, or postpone any motion or trial dates. The sole principal of MSM WY, Robin C. Rodriguez, was the sole principal of MSM ME, so substitution would not require any new individuals to familiarize themselves with the facts of this case, or the introduction of any new witnesses. (Rodriguez Decl. ¶ 7.) Moreover, substitution will not prejudice the

defendants; they can continue to assert any and all defenses or counterclaims against MSM WY that they have asserted or may assert against MSM ME.  MSM WY will not make any argument in this case that any obligations that could have been asserted against MSM ME cannot be asserted against MSM WY. Finally, substitution of a Wyoming corporation in the place of a Maine corporation would have no effect on diversity jurisdiction in this case, as no other party is a citizen of Wyoming.

### *Conclusion*

Plaintiff MSM ME respectfully asks this Court to substitute Manhattan Safety Maine, Inc., an entity formed under the laws of the State of Wyoming, for Plaintiff Manhattan Safety Maine, Inc., an entity organized under the laws of the State of Maine.

Dated: December 8, 2025
        New York, NY

POLLOCK COHEN LLP

By: ____ /s/ *Adam Pollock*
        Adam Pollock
        111 Broadway, Suite 1804
        New York, NY 10004
        (212) 337-5361
        Adam@PollockCohen.com
        *Attorneys for Plaintiffs*