UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MANHATTAN SAFETY MAINE, INC. and
RECOVERY EFFORT, INC.,

                                        Plaintiffs,

                    -against-                                    19-CV-05642 (MKV) (VF)

ARIE GENGER, ARNOLD BROSER, DAVID                               **ORDER**
BROSER, TEDCO, INC., and JOHN DOES 1-
10,

                                        Defendants,

                    -and-

ADBG LLC, the GENGER LITIGATION TRUST,
And MICHAEL BOWEN, in his capacity as paying
 agent,

                                Nominal Defendants.
------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge.**

On January 16, 2026, Defendant Tedco, Inc. ("Tedco") moved for leave to serve

subpoenas upon Dalia Genger ("Dalia"), a non-party to this case, by alternative means other

than personal service. ECF No. 126. Plaintiffs do not oppose this motion. See ECF No. 131.

On February 6, 2026, Tedco submitted a reply to Plaintiffs' non-opposition. ECF No. 135.

On March 2, 2026, non-party John Dellaportas ("Dellaportas") submitted a partial

opposition to Tedco's motion (ECF No. 138), and on March 9, Tedco replied (ECF No.

139).[1] For the reasons that follow, the motion for alternative service is DENIED without

prejudice.

_____

[1] To the extent Dellaportas opposes Tedco's motion, Dellaportas does not represent
that he is currently, or has ever been, Dahlia's attorney. And Dellaportas does not explain
how he even has standing to oppose Tedco's motion. For these reasons, Dellaportas' request
for attorney's fees in connection with his opposition to Tedco's motion is denied. Tedco's

1

Rule 45 of the Federal Rules of Civil Procedure sets forth the standards governing subpoenas issued to third parties and requires that a subpoena be served by "delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1). While "delivering" is not defined in the Federal Rules, "many courts have interpreted this language as requiring personal service." Sparrow Fund Mgmt. LP v. MiMedx Grp., Inc., No. 18-CV-4921 (PGG) (KHP), 2021 WL 2767131, at *1 (S.D.N.Y. July 2, 2021); see SEC v. Pence, 322 F.R.D. 450, 453 (S.D.N.Y. 2017) (collecting cases and authority). Nevertheless, "[t]here is no Second Circuit case law interpreting the Rule 45 requirement of delivery as requiring personal service." Kenyon v. Simon & Schuster, Inc., No. 16-MC-327 (JFK), 2016 WL 5930265, at *3 (S.D.N.Y. Oct. 11, 2016) (cleaned up). Moreover, courts in this District have repeatedly noted that Rule 45 "neither requires in-hand service nor prohibits alternative means of service." JPMorgan Chase Bank, N.A. v. IDW Grp., LLC, No. 08-CV-9116 (PGG), 2009 WL 1313259, at *2 (S.D.N.Y. May 11, 2009) (internal quotation marks omitted) (quoting Cordius Trust v. Kummerfeld, No. 99-CV-3200 (DLC), 2000 WL 10268, at *2 (S.D.N.Y. Jan. 3, 2000)). Further, courts may retroactively authorize alternative service of a subpoena on a non-party. See Sparrow Fund Mgmt. LP, 2021 WL 2767131, at *2 (retroactively granting permission to serve via alternative means).

Alternative service methods—such as service by certified mail, regular mail, and e-mail—will be permitted where such service "reasonably insures actual receipt of the subpoena by the witness" and "comports with due process" insofar as it is "reasonably calculated under the circumstances to provide [the witness] with both notice and an

---

request for attorney's fees in connection with its reply to Dellaportas is also denied because Tedco fails to provide any authority that justifies an award of fees. See ECF No. 139 at 1.

opportunity to present objections." See JPMorgan Chase Bank, N.A., 2009 WL 1313259, at *3 (quoting Cordius Trust, 2000 WL 10268, at *2); 6340 NB LLC v. Cap. One, N.A., No. 20-CV-2500 (JMA) (JMW), 2022 WL 4386821, at *1 (E.D.N.Y. Sept. 22, 2022) (listing permissible methods of alternative service, including service by certified mail, delivery to a related neighbor and e-mails to attorneys, delivery to office security personnel followed by service by mail, and affixing a copy to the subpoenaed party's door and further mailing a copy); In re Bayerische Motoren Werke AG, No. 22-MC-115 (VB), 2022 WL 2817215, at *3 (S.D.N.Y. July 19, 2022) (concluding service of subpoenas via e-mail was proper). However, the party seeking leave to serve by alternative means typically must first "demonstrate a prior diligent attempt to personally serve" before alternative or substituted service under Rule 45 will be permitted. Kenyon, 2016 WL 5930265, at *3.

Here, Tedco seeks permission to serve Dalia via a personal e-mail address. ECF No. 127 at 23, 25. Tedco also seeks the Court's retroactive permission to serve Dalia via regular mail at a Manhattan apartment that she owns, via certified mail to attorney Judith Bachman ("Bachman") at her law firm address, and via e-mail to Bachman and another attorney, Ira Tokayer ("Tokayer"). Id. at 20-21, 25. However, Tedco has not demonstrated a sufficient diligent attempt at personal service to warrant leave to attempt service by alternative means.

Tedco states that on November 26, 2025, it "attempted to serve Dalia at the apartment building where she has owned an apartment since 2005," but "[t]he process server was unable to effect service, as the doorman informed him that Dalia owns the apartment, but purportedly does not live there." ECF No.127 at 20; see also ECF No. 128-1 (doorman informed process server that "[h]e has not seen [Dalia] here in about a year and thinks that she is living with family or in a medical facility"). Tedco does not describe any subsequent efforts to effect personal service or locate the address of Dalia's current residence. Instead,

3

on December 5, 2026, Tedco attempted service by alternative means via e-mail "to two attorneys [Bachman and Tokayer] who have represented Dalia in various capacities over the years in matters directly related to this case," both of whom declined to accept service on Dalia's behalf. ECF No. 127 at 20-21; see Keep on Kicking Music, Inc. v. UMG Recordings, Inc., No. 23-CV-4400 (JPO) (BCM), 2025 WL 1905090, at *1 (S.D.N.Y. July 10, 2025) (describing service via registered e-mail as service "by alternative means"). Bachman responded to the e-mail stating that her firm "does not represent Dalia Genger and will not accept service of process" (ECF No. 128-3 at 2), and Tokayer stated that he is "not authorized to accept service of a subpoena on behalf of Dalia Genger" (ECF No. ECF No. 128-4 at 2). The same day, Tedco sent the subpoenas via certified mail to both Bachman's and Tokayer's offices. ECF No. 127 at 21. The mailing to Bachman was delivered successfully, and the mailing to Tokayer was not. Id. On December 16, 2025, Tedco sent the subpoenas via certified mail to the same apartment at which the process server unsuccessfully attempted service, and the postal service was unable to deliver the mailing. Id.; ECF No. 128-1 at 2; 128-9 at 2. On December 30, 2025, Tedco sent the subpoenas via regular mail to the same apartment, and the delivery was successful. ECF No. 127 at 21.

At bottom, Tedco's attempts at personal service amount to a single attempt at an address a process server was told is no longer Dalia's residence. Then, without attempting personal service even a second time, Tedco pivoted to service via alternative means. Because Tedco has not demonstrated a prior diligent attempt to personally serve Dalia, alternative service at this time is not appropriate. See Beare v. Millington, No. 07-CV-3391 (ERK) (MDG), 2010 WL 234771, at *4 (E.D.N.Y. Jan. 13, 2010) (approving alternative service of subpoena on non-party after three attempts to serve personally); Elliott v. Cartagena, No. 19-CV-1998 (NRB), 2021 WL 12103903, at *1 (S.D.N.Y. Feb. 5, 2021) (concluding that defendants made prior diligent

4

attempts at service where "defendants hired experienced process servers, investigated all plausible addresses for [the witness], issued a total of four subpoenas, and made eleven attempts to personally serve [the witness] at three addresses that were known to be his"); 6340 NB LLC, 2022 WL 4386821, at *2 (explaining that defendants "made several diligent attempts to serve the deposition subpoena on [the witness]" where "the process server . . . attempted to serve the subpoena on [the witness] 5 times" at the witness's residence and office); Pence, 322 F.R.D. at 454 ("The [defendant] has already attempted personal service on [the witness] 14 times at five locations . . .[t]he parties' diligent attempts to personally serve [the witness] . . . justify an order permitting alternative or 'substituted' service.").

For the foregoing reasons, Tedco's motion is denied. Tedco may renew its motion at a later date if it is able to demonstrate a sufficiently diligent attempt at personal service. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 126.

**SO ORDERED.**

DATED:     New York, New York
           March 18, 2026

           _____
           VALERIE FIGUEREDO
           United States Magistrate Judge