**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
MANHATTAN SAFETY MAINE, INC. and
RECOVERY EFFORT, INC.,

                        Plaintiffs,

           -against-                            **19-CV-05642 (MKV) (VF)**

ARIE GENGER, ARNOLD BROSER, DAVID                      **ORDER**
BROSER, TEDCO, INC., and JOHN DOES 1-
10,

                        Defendants,

                   -and-

ADBG LLC, the GENGER LITIGATION TRUST,
And MICHAEL BOWEN, in his capacity as paying
 agent,

                     Nominal Defendants.
------------------------------------------------------------------X
**VALERIE FIGUEREDO, United States Magistrate Judge:**

As discussed at the conference held on May 20, 2026, non-party Leah Sheff

("Sheff") is directed to sit for the deposition noticed by Tedco. Sheff's deposition shall be

limited to four record hours. See In re Keurig Green Mountain Single-Serve Coffee Antitrust

Litig., No. 14-MD-2542 (VSB) (SLC), 2020 WL 3441047, at *1-2 (S.D.N.Y. June 23, 2020)

(limiting non-party deposition to "five record hours" where non-party had "limited

availability due to her familial obligations"). In selecting a date for Sheff's deposition, the

Court directs Tedco to work with Sheff to accommodate her schedule and familial

obligations. If the parties elect to hold the deposition at the courthouse, they are directed to

provide the Court with a few options for dates for the deposition, to ensure that the Court is

available on the deposition date.

1

As to Tedco's motion to compel compliance by the Bachman Law Firm and Ira Tokayer ("Tokayer") with document subpoenas, the motion is granted. However, given that the subpoenas will impose a burden on both non-parties, Tedco is required to bear the reasonable expenses and attorneys' incurred by the Bachman Law Firm and Tokayer in complying with the subpoenas. See In re Novartis & Par Antitrust Litig., No. 18-CV-4361 (AKH), 2020 WL 3317203, at *6 (S.D.N.Y. June 18, 2020) (granting motion to compel non-party to produce documents but "shifting costs such that Plaintiffs will pay [the non-party] for reasonable expenses and attorneys' fees incurred in complying with Plaintiffs' production request going forward" because "Plaintiffs' production request [wa]s broad, and complying with Plaintiffs' subpoena would impose a burden on [the non-party]").

Courts in this District have found cost-shifting "particular[ly] appropriate in the context of subpoenas, since Rule 45 directs courts to minimize the burden on non-parties." (internal quotation marks and citation omitted, cleaned up). Id. at *5. In determining who should bear the costs of non-party production, courts generally consider: "whether the nonparty actually has an interest in the outcome of the case, whether the nonparty can more readily bear the costs than the requesting party and whether the litigation is of public importance." In re Honeywell Int'l, Inc. Sec. Litig., 230 F.R.D. 293, 303 (S.D.N.Y. 2003); Fed. R. Civ. P. 45 Application Note ("A non-party required to produce documents or materials is protected against significant expense resulting from involuntary assistance to the court."). Rule 45 provides for compensation for "reasonable expenses" only. Sands Harbor Marina Corp. v. Wells Fargo Ins. Servs. of Or., Inc., No. 09-CV-3855 (AYS), 2018 WL 1701944, at *4 (E.D.N.Y. Mar. 31, 2018) (citation omitted).

2

Here, as to the first factor, the two non-parties have no actual interest in the outcome of this case. They have been subpoenaed because they served as litigation counsel to another non-party, and in the course of that representation have documents in their possession, the majority of which are either publicly available or protected by the attorney-client privilege. See Tr. at 48-52, 56-59, 64. This factor counsels in favor of cost-shifting. Cf. In re Honeywell, 230 F.R.D. at 303 (denying non-party's request to shift costs where non-party was "not a classic disinterested non-party"); see also Doe v. Columbia Univ., No. 25-CV-2132 (DEH) (RFT), 2026 WL 1345937, at *4 (S.D.N.Y. May 13, 2026) (concluding that first factor "narrowly" disfavored cost-shifting where non-party had "some" "indirect" interest in the case "in that there is unlikely to be any tangible impact on her no matter what the outcome of this case").

As to the second factor, counsel for the Bachman Law Firm and Tokayer explained that it would be costly to review the documents in the law firm's possession and parse out responsive, non-privileged materials. See Tr. at 51, 57, 65. This factor, too, favors cost shifting. And, "nothing in the record indicates that [Tedco] [is] unable to cover these costs as compared to [Bachman Law Firm and Tokayer]. See In re Novartis & Par Antitrust Litig., 2020 WL 3317203, at *6.

The third factor, whether the case implicates the public interest, also favors cost shifting when the litigation involves a purely private dispute, as it does here. See Nike, Inc. v. Wu, No. 13-CV-8012 (CM), 2020 WL 257475, at *14 (S.D.N.Y. Jan. 17, 2020) (citing US Bank Nat. Ass'n v. PHL Variable Ins. Co., No. 12-CV-6811 (CM) (JCF), 2012 WL 5395249, at *4 (S.D.N.Y. Nov. 5, 2012)); see also Doe, 2026 WL 1345937, at *2, 4 (granting non-party's motion for reimbursement of reasonable expenses incurred in

3

complying with subpoena where "the litigation involve[d] a purely private dispute"); In re Lane, No. 22-MC-34 (LGS), 2023 WL 2966647, at *2 (S.D.N.Y. Apr. 17, 2023) (finding that the third factor counseled in favor of cost-shifting where the litigation was not of public importance and the opposing party did not argue otherwise).

For the foregoing reasons, Tedco's motion to compel discovery from the Bachman Law Firm and Tokayer is granted. Tedco shall pay the reasonable expenses and attorneys' fees incurred by the Bachman Law Firm and Tokayer in complying with the subpoena. The Bachman Law Firm and Tokayer shall produce responsive, non-privileged documents within 60 days from the issuance of this Order. The Bachman Law Firm and Tokayer are also directed to provide Tedco with the most recent address that they have for non-party Dahlia Genger.

**SO ORDERED.**

DATED:     New York, New York
           May 26, 2026

VALERIE FIGUEREDO
United States Magistrate Judge

4