HERSCHMANN BENSON BOWEN LLP

305 BROADWAY, 7TH FLOOR
NEW YORK, NEW YORK 10007
(212) 226-4226

ANDREW R. KURLAND
DIRECT DIAL: (917) 341-4636
AKURLAND@HBB-FIRM.COM

NEW YORK
NEW JERSEY
TEXAS

May 27, 2026

**VIA ECF**

Hon. Valerie Figueredo
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Manhattan Safety Maine, Inc., et al. v. Genger, et al.*, No. 19-cv-5642-MKV-VF

Dear Judge Figueredo,

I write on behalf of defendant Michael Bowen to object to the notice of appearance of counsel and proposed order for the substitution of counsel filed today by Spencer L. Schneider at ECF Nos. 175 and 176 on behalf of plaintiff Manhattan Safety Maine, Inc. ("MSM") (the "Proposed Substitution"). Although we of course would not normally oppose an appearance or substitution of counsel, this is not a normal circumstance, as Mr. Schneider, the proposed substitute counsel, has an unwaivable conflict of interest (as does plaintiffs' existing counsel, Mr. Pollock).

Plaintiffs Recovery Effort Inc. ("REI") and MSM have wholly divergent interests. REI, an entity Oldner formed, is solely owned by the Orly Trust and purportedly seeks to recover assets owed to the Orly Trust. MSM claims to be a multimillion-dollar creditor of the Orly Trust, purportedly seeking to recover from the Orly Trust this same purported debt. The extent of this conflict was only recently revealed by Mr. Pollock's production of the "nuclear option" documents in this matter, described in more detail at ECF Nos. 139-140, on behalf of both plaintiffs. Moreover, as the Court was advised during the May 20, 2026 conference, Orly Genger, in a proceeding in New York Supreme Court seeking to remove another client of Mr. Pollock, Michael Oldner, as Trustee of the Orly Genger 1993 Trust ("Orly Trust"), obtained from Justice Ramseur on May 19, 2026 a TRO (Exhibit A)—based on, among other things, those nuclear option documents—restraining Oldner from taking any action on behalf of the Trust without prior notice to Orly and the court's prior approval. The nuclear documents revealed the extent of the joint efforts involving, among others, Oldner, Mr. Pollock, REI and MSM to drive Orly into bankruptcy—efforts that are the subject of her sanctions motion in her bankruptcy proceeding.

Mr. Pollock has represented both plaintiffs in this action for almost six years, and, as noted, separately represents Mr. Oldner as Trustee of the Orly Trust. He therefore is counsel to

clients with irreconcilably conflicting interests in violation of the Rule 1.7 of the New York Rules of Professional Conduct. His effort now to withdraw as counsel for MSM indicates that he now correctly (and belatedly) recognizes the conflict. However, Mr. Schneider is equally as conflicted as Mr. Pollock, as Mr. Schneider also represents and/or previously represented REI in a substantially related matter pending before Judge Broderick, captioned *Recovery Effort Inc. v. Zeichner Ellman & Krause LLP, et al.*, Case No. 19-cv-05641-VSB, having filed the initial complaint in that action in June 2019 on REI's behalf. Exhibit B. Mr. Schneider also represented or represents Mr. Oldner, as Trustee of the Orly Trust, before the New York County Surrogate's Court in a proceeding removed to the Bankruptcy Court in connection with Orly's pending bankruptcy case. Exhibit C.

As Trustee, Oldner either authorized the Trust's subsidiary, REI, to waive Mr. Schneider's conflict to permit him to seek to represent MSM in this action (assuming the conflict could be waived, which it cannot be) or decided to refrain from having REI enforce its right to object to his representing MSM. Either way, Oldner purported to act on behalf of the Orly Trust—but *in violation of the TRO*, he failed to notify Orly or the court, let alone obtain Justice Ramseur's approval. Orly reserves her right to take up this matter with Justice Ramseur, but in any event—and certainly not before Justice Ramseur's decision, Mr. Schneider should not be permitted to substitute for Mr. Pollock.

Moreover, Oldner presumably was able to issue the waiver or decide not to enforce REI's rights, even though his lawyers have recently represented to this Court and to the Bankruptcy Court that Oldner is facing serious health issues preventing him from timely meeting court deadlines and timely communicating with his lawyers. ECF No. 163 (requesting a two-week extension of time to produce documents in this action) and Exhibit D (extension request in Bankruptcy Court). If he was unable to do so, and the lawyers are acting on their own or at someone else's direction, that would only underscore the impropriety of the requested substitution.

Accordingly, Mr. Schneider's request that the Court so-order the Proposed Substitution should be denied.

Respectfully submitted,

/s/ Andrew R. Kurland