**EXHIBIT B**

# Transcript of the Testimony of

# **Oldner, Michael**

**Date:** June 25, 2020

**Case:** Orly Genger, Debtor

**Bushman Court Reporting**
Janess Ferguson Smith
Phone:  (501) 372-5115
Fax: (501) 378-0077

Oldner, Michael 6/25/2020                                      v.

Page 1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

_____

In re

Orly Genger,                    Chapter 7
                                CASE NO. 19-13895(JLG)
Debtor.

_____


ORAL DEPOSITION OF MICHAEL OLDNER

June 25, 2020


_____


BUSHMAN COURT REPORTING
620 West Third, Suite 302
Little Rock, Arkansas  72201
501.372.5115

Page 307

and wholly irrelevant to the pending Motion to
Dismiss.

Q.    Is that correct, Mr. Oldner?  Is that your
understanding, that you would not have to pay, the
trust would not have to pay any amount of the
$32.3 million under this Inter-Creditor Agreement; is
that correct?

              MR. DELLAPORTAS:  Object.

              MR. POLLOCK:  Mr. Bowen --

              MR. DELLAPORTAS:  Object to form.

              MR. POLLOCK:  -- I object to the
        hypothetical.

              MR. DELLAPORTAS:  The document speaks
        for itself.

              MR. BOWEN:  I'm asking for
        Mr. Oldner's understanding of an agreement
        that he signed on behalf of the trust that
        binds the trust, or purports to bind the
        trust.

              MR. POLLOCK:  You are asking --

              MR. DELLAPORTAS:  That's ambiguous.

BY MR. BOWEN:

Q.    Is that your understanding, Mr. Oldner?

              MR. POLLOCK:  You're asking for --

              MR. DELLAPORTAS:  Objection.

Oldner, Michael 6/25/2020                                    v.

Page 308

MR. POLLOCK:  Objection.  You're asking for --

MR. BOWEN:  Can Mr. Oldner just be allowed to answer the questions?  I'm concluding my questioning shortly, at least for today, if Mr. Oldner could be allowed to answer the question, please.

MR. POLLOCK:  And, Mr. Bowen, I would ask for the benefit of our stenographer that you allow me to state my objection without talking over me.  I object --

MR. BOWEN:  I didn't hear you speaking at all, sir.  I'm just asking that you state succinctly what your objection is and let the witness speak.

MR. POLLOCK:  I object to your -- I object to your seeking his speculation about a future event.

MR. BOWEN:  Okay.  That's not what I'm asking.

BY MR. BOWEN:

Q.    Mr. Oldner, I think you understand the question.  You can answer it.

A.    I actually don't understand the question as the best -- but if you would be so kind as to repeat it

Oldner, Michael 6/25/2020                                      v.

Page 309

one more time, I will answer that question.

Q.    How did you understand what this agreement requires of the trust if the trust is awarded the $32.3 that it claims belongs to it?

                    MR. POLLOCK:  Objection; seeks speculation.

A.    Number one, I see that at some point in the future.  And at some point in the future, parameters on everything not only likely will change, parameters will have changed.

        So, consequently, I do not -- I look at this note as a guideline and as an indication -- this Inter-Creditor Agreement is an indication that we are not going to fight with each other over the money.

        It is, it is my anticipation that the trust will be able to satisfy, to pay its expenses, to satisfy its legitimate creditors, and that the trust will have money after that for its beneficiaries, not only Orly Genger, but Orly Genger's descendents going into the future.

Q.    So your understanding is this agreement doesn't bind the trust to pay any particular amount to anybody else; is that correct?

                    MR. DELLAPORTAS:  Objection; misstates the prior testimony.

Oldner, Michael 6/25/2020                                          v.

Page 310

MR. POLLOCK:  Objection.

Q.    Is that correct?

A.    My understanding, my understanding is that this agreement provides a general outline, but in the real world things change.  I do understand --

Q.    So you expect to renegotiate the agreement?

A.    Mr. Bowen, I, I would be derelict in my fiduciary responsibility if I don't try to renegotiate some portions.

Q.    Do you understand that Sagi Genger is adverse to Orly Genger, who is the beneficiary, or one of the beneficiaries or the Orly Genger Trust?

MR. DELLAPORTAS:  Objection; misstates the record.

MR. POLLOCK:  Objection.

A.    Can you tell me what "adverse" means in this case?

Q.    That, that he's an opponent in the litigation between the two of them.

MR. DELLAPORTAS:  Same objection.

A.    I understand that Sagi Genger may be an opponent in the litigation, but I also understand that Sagi Genger would like to settle this litigation and get this behind him.

Q.    And do you --

Oldner, Michael 6/25/2020                                    v.

Page 311

A.      That's what --

Q.      I'm sorry.  I didn't mean to interrupt you.  Go ahead.

A.      I apologize.  That's from conversation with Sagi Genger.

Q.      And you also understand that the trust is adverse to Orly Genger; right?

                    MR. POLLOCK:  Objection.

A.      I don't --

Q.      Are you aware -- I'll change the question, Mr. Oldner.

A.      Please.

Q.      I see you're getting frustrated.  Are you aware that --

A.      I am just trying to understand.

Q.      -- the trust has sued Orly Genger?

A.      I'm sorry.  I interrupted you.  Please tell me again.

Q.      Are you aware that the trust has sued Orly Genger?

A.      Yes, I am.  The trust --

Q.      So the trust --

A.      Whoa, whoa.  Pardon me?  In, in what capacity?  Where?

Q.      Well, the trust has sued its own beneficiary in

Oldner, Michael 6/25/2020                                             v.

Page 312

the Surrogate's Court in New York.

A.     Yes.  And that suit has been -- it is currently stayed, but that suit has been replaced by the suit in the Southern District of New York in which Orly Genger is not sued.

Q.     Right.  Well, there's an issue about whether that case will remain in the bankruptcy court or whether it will be remanded to the Surrogate's Court.

A.     I --

               MR. POLLOCK:  Mr. Bowen --

Q.     What position does the trust have on that?

               MR. POLLOCK:  Yeah, Mr. Bowen, are you
          asking for his position on the pending
          remand motion?  Because don't -- the
          pending remand motion is not the pending
          Motion to Dismiss, and he's not going to
          give discovery on a pending remand motion
          with respect to the Surrogate's Court
          action.

Q.     Mr. Oldner, I want to understand your understanding of the adversarial relationship that the trust has with its own beneficiary.

          Is it your understanding that that adversarial lawsuit with Orly Genger should be remanded to the Surrogate's Court, or no?