**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------X
MANHATTAN SAFETY MAINE, INC. and RECOVERY EFFORT, INC.,

Plaintiffs,

-against-

ARIE GENGER, ARNOLD BROSER, DAVID BROSER, TEDCO, INC., and JOHN DOES 1-10,

Defendants,

-and-

ADBG LLC, the GENGER LITIGATION TRUST, And MICHAEL BOWEN, in his capacity as paying agent,

Nominal Defendants.
--------------------------------------------------------------X

**19-CV-05642 (MKV) (VF)**

**ORDER**

**VALERIE FIGUEREDO, United States Magistrate Judge:**

On June 10, 2026, Tedco filed a letter motion seeking to compel compliance by certain non-party subpoena recipients with the Court's order on June 1, 2026. ECF No. 193. The subpoena recipients oppose the request. ECF No. 196. On June 1, 2026, the Court issued a memo endorsement in response to a letter submitted by Tedco. ECF No. 190. In the letter filed by Tedco, Tedco indicated that the subpoena recipients had communicated that a search using the proposed search terms yielded approximately 104,000 hits and a search using three of the proposed search terms yielded 3,888 hits. ECF No. 190 at 2. Tedco notified the Court that it had asked for a hit report and the subpoena recipients had not provided one yet. The Court subsequently ordered that the subpoena recipients provide a hit report by June 8. ECF No. 190 at 3. The subpoena recipients provided what purports to be a

hit report by the Court-ordered deadline. ECF No. 193-1 at 6-8. Even if there was some ambiguity in the Court's order as to which hit report the Court ordered be produced by the subpoena recipients, it cannot seriously be argued that the report provided to Tedco is an adequate hit report that would accurately convey the population of documents that would need to be searched. It appears that the individual who ran the "search" in the g-mail account did not use quotation marks or parenthesis to ensure that all relevant terms in the search field where present in an email. Separately, it also appears that only one email account was searched even though Sagi Genger used multiple email accounts that might possess documents responsive to the subpoenas.

Accordingly, Tedco and the subpoena recipients are hereby directed to meet and confer and agree on a list of no more than 10 search terms to be used to search all relevant email accounts of the subpoena recipients and any other repository of potentially responsive documents. Once the parties have agreed on a list of no more than 10 search terms, the subpoena recipients are hereby directed to prepare a proper hit report using those search terms. It is the obligation of the non-party subpoena recipients to conduct a reasonable search and produce a hit report that permits the Court to assess whether a collection and review of the hit-upon documents would be unduly burdensome. By **July 15, 2026**, the non-party subpoena recipients are directed to submit the hit report to the Court, using the agreed-upon 10 search terms and including a search of all relevant e-mail accounts.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 193.

**SO ORDERED.**

DATED: New York, New York
July 6, 2026

VALERIE FIGUEREDO
United States Magistrate Judge