BRAUNHAGEY & BORDEN LLP

San Francisco & New York

**Kevin C. Wallace**
kwallace@braunhagey.com

July 10, 2026

**VIA ECF and NYSCEF**
The Honorable Valerie Figueredo
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 17A
New York, NY 10007

The Honorable Dakota D. Ramseur
Supreme Court of the State of New York
County of New York, Part 34
60 Centre Street, Courtroom 341
New York, NY 10007

**Re: *Manhattan Safety Maine, Inc. v. Genger*, No. 1:19-cv-5642 (MKV) (VF) (S.D.N.Y.); *Orly Genger v. Michael Oldner*, Index No. 156331/2026 (Sup. Ct., N.Y. County)**

Dear Judge Figueredo:

We are individual counsel for Michael Oldner, the Trustee of the Orly Genger 1993 Trust (the "Trust"). The Trust controls one of the plaintiffs in this action: Recovery Effort, Inc. ("REI"). We write to apprise the Court of the status of a related proceeding now pending in the Supreme Court of the State of New York, and to request that the Court briefly adjourn three upcoming dates in this action—the July 20, 2026 pre-conference submission deadline, the July 21, 2026 hearing on the common interest privilege, and the July 27, 2026 settlement conference—to dates after August 11, 2026. This letter is being filed on the dockets of both this action and the related New York proceeding so that both Courts are apprised of the status of each matter.

On May 18, 2026, Orly Genger, the Trust's beneficiary, commenced a special proceeding against Mr. Oldner in the Supreme Court of the State of New York, County of New York, seeking his removal as Trustee under Section 7-2.6(a) of the Estates, Powers and Trusts Law. *See Orly Genger v. Michael Oldner*, Index No. 156331/2026 (Sup. Ct., N.Y. County) (Ramseur, J.). The following day, the court entered an *ex parte* temporary restraining order that "immediately temporarily restrained [Mr. Oldner] from taking any further action as Trustee of the Orly Trust and on behalf of the Orly Trust without prior notice to the Court and Petitioner and approval by the Court." That restraint remains in effect.

At a hearing on June 26, 2026, the court confirmed the breadth of that restraint. The court explained that, pending its ruling, Mr. Oldner "should do nothing without coming to the Court," adding that it "can't make it simpler than don't do anything. Nothing." June 26, 2026 Hr'g Tr. at 3–4. When counsel asked whether "filing papers in [an] existing proceeding fell in the scope of

the TRO," the court confirmed that it does. *Id.* at 3. Mr. Oldner therefore may take no action as or on behalf of the Trust—including directing the Trust to make filings, or to retain or substitute counsel, in pending litigation—without first obtaining the New York court's leave.

That restraint prevents Mr. Oldner from participating in the upcoming dates in this action. The Court's standing order for the July 27, 2026 settlement conference requires the plaintiff to convey a recent settlement demand, and the defendant to respond, in advance of the conference, and requires that the demand and response be included in the pre-conference submission due July 20, 2026. The Trust prosecutes this action through its wholly owned subsidiary, Recovery Effort, Inc. ("REI"), and only Mr. Oldner, as Trustee, is authorized to formulate and convey the Trust's settlement position. He cannot do so—or authorize any demand, offer, or response on the Trust's behalf—without violating the TRO.

The July 21, 2026 hearing concerns the common interest privilege that the Trust and the other aligned creditor parties assert over their shared communications—a privilege the United States Bankruptcy Court for this District sustained after full briefing and argument. *See In re Genger*, No. 19-13895-JLG (Bankr. S.D.N.Y. Feb. 24, 2021). Defending that privilege at the hearing—whether through submissions, appearances, or directing counsel—is likewise action on the Trust's behalf that Mr. Oldner cannot authorize while the TRO remains in place.

These constraints will likely be short-lived. At the June 26 hearing, Justice Ramseur scheduled oral argument on Ms. Genger's motion for a preliminary injunction for August 11, 2026, and stated that she would endeavor to rule that day: "I'll do my best. I'll try to render a decision that day." June 26, 2026 Hr'g Tr. at 14. That ruling is expected to resolve the threshold questions of whether Mr. Oldner remains Trustee—and thus who is authorized to direct the Trust—and whether the restraint will continue. A brief adjournment of the three dates until after August 11 would allow those questions to be answered and would permit the Trust to participate in this action meaningfully, rather than in name only.

Mr. Oldner raises these circumstances not to delay this action, but because proceeding on the current schedule would, respectfully, prejudice both him and the Trust and its beneficiaries. With the TRO in force and no one presently able to direct the Trust's positions, requiring the Trust to go forward now risks the forfeiture of important rights—including its common interest privilege and its position at the settlement conference—without any opportunity for the Trust to be heard. Nothing in this letter concedes the reach of the New York court's order as to REI or the Trust, and all rights are reserved.

Accordingly, Mr. Oldner respectfully requests that the Court adjourn the July 20, 2026 pre-conference submission deadline, the July 21, 2026 hearing, and the July 27, 2026 settlement conference to dates convenient for the Court after August 11, 2026. Counsel is conferring with the other parties concerning this request and will promptly advise the Court of their respective positions; this is Mr. Oldner's first request to adjourn these dates. We thank the Court for its consideration.

Respectfully submitted,

[signature]

Kevin C. Wallace

cc: All Counsel of Record (via ECF and NYSCEF)

**MEMO ENDORSED**

[signature]

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated: 7/14/2026**

The settlement conference scheduled for **July 27, 2026** is hereby ADJOURNED. A separate order rescheduling the conference will follow.