## POLLOCK | COHEN LLP
111 BROADWAY, SUITE 1804
NEW YORK, NY 10006
(212) 337-5361

July 16, 2026

**VIA ECF**

Hon. Valerie Figueredo
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  *Manhattan Safety Maine, et al. v. Genger, et al.*, 1:19-cv-5642 (MKV/VF)

Dear Judge Figueredo:

We are outgoing counsel for Plaintiff Recovery Effort, Inc. ("REI") in the above-referenced matter. We write to request an adjournment of the hearing on the common interest privilege scheduled for Tuesday, July 21, 2026, at 11 a.m. (ECF no. 201) and to briefly respond to the letters filed yesterday.

### *Adjournment Request*

The reasons for the adjournment are (a) that I am travelling back to New York that day with my family and am unavailable;[1] and (b) the ongoing issue regarding the state court TRO. Counsel for the Broser Defendants and counsel for nominal defendant Michael Bowen do not consent to the proposed adjournment. All parties, and non-party Sagi Genger, are available on **July 24, 2026 between 12:00 and 2:00 p.m.** or on **July 27, 2026**.

Alternatively, Kevin Wallace – counsel for Michael Oldner in the state court action – could be available to appear in this action for REI on the scheduled date of July 21, 2026, at 11:00 a.m. However, Mr. Herschmann (in his role as counsel to his wife, Ms. Orly Genger) has declined to consent/stipulate in the state court matter to Mr. Wallace's appearance in this case.

I am further unavailable because, as detailed in the recent letter by counsel for the Orly Trust (the parent of Plaintiff REI), the New York state court TRO restrains participation in this matter. (ECF no. 205.) While we do not believe that a state court has the power to enjoin REI from acting in federal court, *Donovan v. City of Dallas*, 377 U.S. 408, 413 (1964), we understand that the Orly Trust's counsel will be reaching out

---

[1] In one of his emails, Mr. Herschmann asked me to clarify whether my travel plans were made *after* this Court set the July 21 hearing date. They were *not*; my family travel was pre-planned.

Mr. Herschmann ask that we file the email chain seeking counsel's availability.  It is attached as *Exhibit A*.

Hon. Valerie Figueredo
July 16, 2026
Page 2

to the state court to seek permission for REI to participate in the common interest privilege hearing. And, as detailed in the recent letter, absent Ms. Genger's consent, the state court has already made its view clear that it does not want any matters proceeding.

We also note that – contrary to Defendants' contentions – we do *not* seek delay. *See, e.g.*, Plaintiffs' Letter dated Apr. 23, 2026 (ECF no. 153), at 1 ("Plaintiffs oppose the proposed extension. … [Defendants'] delay is just the latest part of the Brosers' decade-plus attempt to hold onto millions of dollars in settlement funds that they diverted from the Orly Trust in 2013."). Indeed, we are seeking an adjournment of only a few days. Alternatively, the hearing could proceed as scheduled with Mr. Wallace appearing for REI if Ms. Genger's counsel would consent.

### *Subject Matter Jurisdiction*

The Broser Defendants assert that the prior-filed letter is "notable" because Plaintiff "now finally concede[s]" that the Orly Trust is pursuing this action through its wholly-owned subsidiary REI. The Broser Defendants continue by asserting that Plaintiff lacks subject matter jurisdiction.  (ECF no. 209 at 2.)

There is nothing novel or "notable" in the letter. REI has repeatedly advised this Court (and the Bankruptcy Court) that it holds the claim on behalf of the Trust. *See, e.g.*, Letter dated Sept. 3, 2019 (ECF no. 23), at 2 ("Plaintiff REI represents the assigned interests of the Trust."); Deposition of Michael Oldner, June 25, 2020, at 100:21–23 ("Q. Recovery Effort, Inc. is wholly owned by the trust? A. It is wholly owned by the trust."); *In re Genger*, No. 24-cv-8076 (DLC), 2025 WL 1222580, at *5 n.7 (S.D.N.Y. Apr. 24, 2025) ("REI is a wholly owned subsidiary of the Orly Trust.").

Further, because a Trust's citizenship is measured by its Trustee (in this case, an Arkansas citizen), there would be diversity regardless of whether the claims had been assigned by the Trust to its subsidiary REI.[2]  *See* ECF no. 23, at 3 ("Plaintiff REI represents the assigned interests of the Trust. … Second, even if one were to review REI based on its parent (the Orly Trust), it would be evaluated based on the citizenship of its Trustee, who is an Arkansas citizen.").

The same point regarding diversity jurisdiction was made in other letters to this Court, including submissions dated September 24, 2019 (ECF no. 35) and September 22, 2025 (ECF no. 100-1).

---

[2] As previously detailed to this Court, the Orly Trust assigned these claims to REI for legitimate business reasons that had nothing to do with the creation of diversity jurisdiction. These include that a corporation would owe fewer taxes on any recovery and that a corporation would have better access to litigation funding and other forms of financing.

Hon. Valerie Figueredo
July 16, 2026
Page 3

In short, if the Broser Defendants genuinely believe that diversity is lacking because the Trust is an Arkansas citizen, they should raise that contention in an answer or motion rather than repeatedly asserting it in letters to the Court.

### *Discovery Issues*

We also briefly respond to the latest accusatory letter from Eric Herschmann, submitted on behalf of nominal defendant Michael Bowen. (ECF no. 211.)  Mr. Bowen was named as a nominal defendant merely as the holder of the promissory notes at issue. There are no claims or defenses in this case regarding Mr. Bowen. Mr. Bowen did not make discovery requests, nor did Plaintiffs serve discovery requests on Mr. Bowen.

Mr. Herschmann makes a litany of complaints, conflating REI's document collection and production with MSM's separate collection and production, and suggests that the hearing on the common interest privilege would "resolve" these issues. Notably, because Mr. Bowen has no need for discovery in this action, it appears that Mr. Herschmann instead seeks to use discovery here to support the bankruptcy proceeding, in which he is a purported creditor of his wife, Orly Genger, *and* his law partner, Mr. Bowen, simultaneously represents Ms. Genger as the Debtor.

Instead of responding to the letter point by point, we simply note that Mr. Herschmann (a) has not served discovery requests; (b) has not reached out to meet and confer about the purported deficiency; and (c) has not properly raised this as a discovery dispute with this Court. He should, accordingly, not seek to transform the common-interest-privilege hearing into a conference concerning unrelated discovery disputes.

* * *

Thank you for Your Honor's consideration in this matter.

Respectfully submitted,

*/s/ Adam Pollock*

Adam Pollock

Enclosure

cc (via NYSCEF):
    Hon. Dakota Ramseur

POLLOCK | COHEN LLP

# Exhibit A



**Adam Pollock <adam@pollockcohen.com>**

---

## Alternative dates for CIP argument Manhattan Safety Maine, Inc., et al. v. Genger, et al., No. 1:19-cv-05642 (MKV)(VF)

---

**Eric Herschmann** <edhnotice@gmail.com>                                    Thu, Jul 16, 2026 at 12:13 PM
To: Adam Pollock <Adam@pollockcohen.com>
Cc: Chris Gartman <chris.gartman@hugheshubbard.com>, John Dellaportas <JDellaportas@emmetmarvin.com>, Andrew Kurland <akurland@hbb-firm.com>, Minta Nester <mnester@teamtogut.com>, "Frank A. Oswald" <frankoswald@teamtogut.com>, curtis.leitner@gtlaw.com, Kevin Wallace <kwallace@braunhagey.com>, Kelsie Docherty <docherty@braunhagey.com>, Anna Menkova <anna@pollockcohen.com>, Daniel R Benson <dbenson@hbb-firm.com>

Although we object to your request to adjourn the July 21 hearing, I can be available on July 27. Please provide the court with all of our email communications regarding your request. Thank you

> On Jul 16, 2026, at 10:13 AM, Adam Pollock <Adam@pollockcohen.com> wrote:
>
> Hi Eric,
>
> As previously indicated, I am not available on July 21 due to family travel.  The purpose of my email correspondence is that Judge Figueredo's rules require that we specify two alternative dates on which all counsel are available. In addition to July 24, everyone else is available on July 27.  Please let me know, **before 10:30am**, if that date works for you (or Messrs. Kurland or Benson).
>
> As to your question immediately below as to my availability, the following are good dates for me, which I previously indicated at the bottom of this email chain (and as further modified by the availability emails from Curtis Leitner and John Dellaportas):
>
> ~~* July 23~~
> * July 24 **from noon** to 2:00pm
> * July 27
> * August 13
> * August 17 after 12:30pm
> * August 19, 20, 21
> * August 24, 25, 26
> * August 27 after 12:00m
>
> Best,
>
>
>
> **Adam Pollock**
> o: +1.646.290.7251
> m: +1.718.249.3053
> adam@pollockcohen.com
> *Pronouns: he/him/his*
>
>    Pollock | Cohen LLP
> 111 Broadway, Ste. 1804; NY, NY 10006
>
>
> > On Thu, Jul 16, 2026 at 9:55 AM Eric Herschmann <edhnotice@gmail.com> wrote:
> > Adam,
> >
> > We have a scheduled court hearing on July 21 at 11:00am. I have no interest in knowing your family's travel plans. I am simply trying to figure whether you are available later that day for this remote hearing. Please let us know. With respect to the balance of your email, again, Mr. Oldner must comply with the TRO. This has nothing to do with the merits of the State Court case. I am looking at my schedule to try to rearrange things, but in the interim, please respond as to your availability. Thank you
> >
> > > On Jul 16, 2026, at 9:36 AM, Adam Pollock <Adam@pollockcohen.com> wrote:
> > >
> > > Hi Eric,

I'm not available on July 21 and I'm not discussing my family's travel plans with you.  In order to comply with Judge Figueredo's rules requiring two alternative dates, I am asking for the fourth – and final time – whether you are available on July 27.  Anyway, it was the date that we were all holding for the settlement conference.

Best,



**Adam Pollock**
o: +1.646.290.7251
m: +1.718.249.3053
adam@pollockcohen.com
*Pronouns: he/him/his*

   Pollock | Cohen LLP
111 Broadway, Ste. 1804; NY, NY 10006

On Thu, Jul 16, 2026 at 9:32 AM Eric Herschmann <edhnotice@gmail.com> wrote:
Where are you traveling on July 21? What time?

On Jul 16, 2026, at 9:16 AM, Adam Pollock <Adam@pollockcohen.com> wrote:

Hi Eric,

The purpose of my email correspondence is that Judge Figueredo's rules require that we specify two alternative dates on which all counsel are available. In addition to July 24, everyone else is available on July 27.  Please let me know, **before 10:30am**, if that date works for you (or Messrs. Kurland or Benson).

With respect to the remainder of your email, I am not seeking to litigate the merits of the state court case by email correspondence.



**Adam Pollock**
o: +1.646.290.7251
m: +1.718.249.3053
adam@pollockcohen.com
*Pronouns: he/him/his*

  Pollock | Cohen LLP
111 Broadway, Ste. 1804; NY, NY 10006

On Thu, Jul 16, 2026 at 8:02 AM Eric Herschmann <edhnotice@gmail.com> wrote:
Adam,

You say that you "understand" what Ms. Genger "would not consent/stipulate" to. Mr. Oldner has not communicated at all with Ms. Genger since the TRO was put in place. Here's my suggestion: Mr. Oldner should start complying the TRO which has been in place for almost 2 months. Justice Ramseur reiterated that she expects notice to Orly Genger and notice and approval from the Court before he takes any action on behalf of the Trust. Mr. Oldner has not explained to Ms. Genger why changing attorneys is in her interest as beneficiary of the Trust.

On Jul 15, 2026, at 9:23 PM, Adam Pollock <Adam@pollockcohen.com> wrote:

It sounds like everyone is available on July 24 between 12:00 and 2:00pm.  But we still need a second date to offer to the Court.

Eric, Are you also available on July 27?  That's the date that was held for the settlement conference and that works for everyone else.

Alternatively, everyone but me is available on July 21.  And I understand that Kevin Wallace is available on that date.  However, I understand that even if Kevin Wallace's firm was able to come into this matter for REI, Ms. Genger (through counsel) would not consent/stipulate in the state court matter to his appearance in this case.



**Adam Pollock**
o: +1.646.290.7251
m: +1.718.249.3053
adam@pollockcohen.com
*Pronouns: he/him/his*

 Pollock | Cohen LLP
111 Broadway, Ste. 1804; NY, NY 10006

On Wed, Jul 15, 2026 at 4:10 PM Gartman, Chris
<chris.gartman@hugheshubbard.com> wrote:

> As noted in our letter filed yesterday, we object to any adjournment.  The
> hearing has been scheduled to be heard via Teams so in-person attendance
> is not necessary.  You have not indicated who is replacing you as counsel,
> why they cannot attend, why you cannot attend remotely, or why someone
> else from your office is unable to handle the hearing on 7/21.  Solely for
> purposes of providing availability, I am available on 7/23, 7/24 and 7/27.  We
> have already objected to your co-counsel's request to adjourn the hearing
> until after the 8/11 hearing before Justice Ramseur and all of your other dates
> post-date that hearing so we reiterate that objection.
>
>
> **Chris Gartman** | Partner
>
> **Hughes Hubbard & Reed LLP**
>
> One Battery Park Plaza, 16th floor | New York | NY 10004-1482
> Office +1 (212) 837-6350 | Cell +1 (917) 574-3726 | Fax +1 (212) 299-6350
> chris.gartman@hugheshubbard.com | bio
>
> This message contains confidential information and is intended only for the
> individual named. If you are not the named addressee you should not
> disseminate, distribute or copy this e-mail. Please notify the sender
> immediately by e-mail if you have received this e-mail by mistake and delete
> this e-mail from your system. E-mail transmission cannot be guaranteed to
> be secure or error-free as information could be intercepted, corrupted, lost,
> destroyed, arrive late or incomplete, or contain viruses. The sender therefore
> does not accept liability for any errors or omissions in the contents of this
> message, which arise as a result of e-mail transmission. If verification is
> required please request a hard-copy version.
>
> On Jul 15, 2026, at 2:21 PM, Adam Pollock <Adam@pollockcohen.com>
> wrote:
>
>
> **CAUTION: This email was sent by someone outside of the Firm.**
>
>
> I am traveling that day.  As noted below, I am available later that week or on
> July 27, which is a date that anyway everyone was holding.



**Adam Pollock**
o: +1.646.290.7251
m: +1.718.249.3053
adam@pollockcohen.com
*Pronouns: he/him/his*

 Pollock | Cohen LLP
111 Broadway, Ste. 1804; NY, NY 10006

On Wed, Jul 15, 2026 at 2:16 PM Gartman, Chris
<chris.gartman@hugheshubbard.com> wrote:

> What is the reason for your unavailability?  Who is incoming counsel?
> Why can they not appear on 7/21?

**Chris Gartman** | Partner

**Hughes Hubbard & Reed LLP**
One Battery Park Plaza, 16th floor | New York | NY10004-1482
Office +1 (212) 837-6350 | Cell +1 (917) 574-3726 | Fax +1 (212) 299-6350
chris.gartman@hugheshubbard.com | bio

This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. E-mail transmission cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. The sender therefore does not accept liability for any errors or omissions in the contents of this message, which arise as a result of e-mail transmission. If verification is required please request a hard-copy version.

**From:** Adam Pollock <Adam@pollockcohen.com>
**Sent:** Wednesday, July 15, 2026 1:53 PM
**To:** John Dellaportas <JDellaportas@emmetmarvin.com>
**Cc:** Gartman, Chris <chris.gartman@hugheshubbard.com>; Eric Herschmann <EDHnotice@gmail.com>; Andrew Kurland <akurland@hbb-firm.com>; Minta Nester <mnester@teamtogut.com>; Frank A. Oswald <frankoswald@teamtogut.com>; Curtis.Leitner@gtlaw.com; Kevin Wallace <kwallace@braunhagey.com>; Kelsie Docherty <docherty@braunhagey.com>; Anna Menkova <anna@pollockcohen.com>
**Subject:** Re: Alternative dates for CIP argument Manhattan Safety Maine, Inc., et al. v. Genger, et al., No. 1:19-cv-05642 (MKV)(VF)

> **CAUTION: This email was sent by someone outside of the Firm.**

Chris,  As you know, I'm (outgoing) counsel for Plaintiff REI.   Please let me know if any of the dates below do not work for you.



**Adam Pollock**
o: +1.646.290.7251
m: +1.718.249.3053
adam@pollockcohen.com
*Pronouns: he/him/his*

 **Pollock | Cohen LLP**
111 Broadway, Ste. 1804; NY, NY 10006

On Wed, Jul 15, 2026 at 8:53 AM John Dellaportas <JDellaportas@emmetmarvin.com> wrote:

> No, but you cluttered my inbox with your unnecessary question. Do better.
>
> Get Outlook for iOS

**From:** Gartman, Chris <chris.gartman@hugheshubbard.com>
**Sent:** Wednesday, 15 July 2026 08:35:39
**To:** John Dellaportas <JDellaportas@EMMETMARVIN.COM>
**Cc:** Adam Pollock <Adam@pollockcohen.com>; Eric Herschmann <EDHnotice@gmail.com>; Andrew Kurland <akurland@hbb-firm.com>; Minta Nester <mnester@teamtogut.com>; Frank A. Oswald <frankoswald@teamtogut.com>; Curtis.Leitner@gtlaw.com <Curtis.Leitner@gtlaw.com>; Kevin Wallace <kwallace@braunhagey.com>; Kelsie Docherty <docherty@braunhagey.com>; Anna Menkova <anna@pollockcohen.com>
**Subject:** Re: Alternative dates for CIP argument Manhattan Safety Maine, Inc., et al. v. Genger, et al., No. 1:19-cv-05642 (MKV)(VF)

**Attention:** This email was sent from someone outside of Emmet, Marvin & Martin, LLP. Always use caution when opening attachments or clicking links from unknown senders or when receiving unexpected emails.

I didn't ask you.

**Chris Gartman** | Partner

**Hughes Hubbard & Reed LLP**

One Battery Park Plaza, 16th floor | New York | NY10004-1482

Office +1 (212) 837-6350 | Cell +1 (917) 574-3726 | Fax +1 (212) 299-6350

chris.gartman@hugheshubbard.com | bio

This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. E-mail transmission cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. The sender therefore does not accept liability for any errors or omissions in the contents of this message, which arise as a result of e-mail transmission. If verification is required please request a hard-copy version.

On Jul 15, 2026, at 8:33 AM, John Dellaportas <JDellaportas@emmetmarvin.com> wrote:

**CAUTION: This email was sent by someone outside of the Firm.**

Chris, I believe that's something you can look up on the PACER docket, rather than filling our inbox.

Get Outlook for iOS

**John Dellaportas**
Emmet, Marvin & Martin, LLP
120 Broadway 32nd Floor
New York, NY 10271
Tel: 212-238-3092
Fax: 212-238-3100
Email: jdellaportas@emmetmarvin.com

<0.jpg>

**Confidentiality Disclosure:** The information in this email and in attachments is confidential and intended solely for the attention and use of the named addressee(s). This information may be subject to legal professional or other privilege or may otherwise be protected by work product immunity or other legal rules. It must not be disclosed to any person without our authority. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are not authorized to and must not disclose, copy, distribute, or retain this message or any part of it.

---

**From:** Gartman, Chris <chris.gartman@hugheshubbard.com>
**Sent:** Wednesday, 15 July 2026 08:27:06
**To:** Adam Pollock <Adam@pollockcohen.com>
**Cc:** Eric Herschmann <EDHnotice@gmail.com>; Andrew Kurland <akurland@hbb-firm.com>; Minta Nester <mnester@teamtogut.com>; Frank A. Oswald <frankoswald@teamtogut.com>; John Dellaportas <JDellaportas@EMMETMARVIN.COM>; Curtis.Leitner@gtlaw.com <Curtis.Leitner@gtlaw.com>; Kevin Wallace <kwallace@braunhagey.com>; Kelsie Docherty <docherty@braunhagey.com>; Anna Menkova <anna@pollockcohen.com>
**Subject:** Re: Alternative dates for CIP argument Manhattan Safety Maine, Inc., et al. v. Genger, et al., No. 1:19-cv-05642 (MKV)(VF)

**Attention:** This email was sent from someone outside of Emmet, Marvin & Martin, LLP. Always use caution when opening attachments or clicking links from unknown senders or when receiving unexpected emails.

---

Who do you represent in this action?

**Chris Gartman** | Partner

**Hughes Hubbard & Reed LLP**

One Battery Park Plaza, 16th floor | New York | NY10004-1482

Office +1 (212) 837-6350 | Cell +1 (917) 574-3726 | Fax +1 (212) 299-6350

chris.gartman@hugheshubbard.com | bio

This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. E-mail transmission cannot be guaranteed to be secure or error-free as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. The sender therefore does not accept liability for any errors or omissions in the contents of this message, which arise as a result of e-mail transmission. If verification is required please request a hard-copy version.

On Jul 15, 2026, at 8:07 AM, Adam Pollock <Adam@pollockcohen.com> wrote:

**CAUTION: This email was sent by someone outside of the Firm.**

Counsel,

I'm unavailable on July 21 for the common interest privilege hearing.  I already know that you don't consent to an adjournment but,  in accordance with the Judge's rules,  I still need to submit two dates on which we're all available.

Here are some good dates for me. Please LMK what works for you.

* July 23

* July 24 before 2:00pm

* July 27

* August 13

* August 17 after 12:30pm

* August 19, 20, 21

* August 24, 25, 26

* August 27 after 12:00m



**Adam Pollock**
o: +1.646.290.7251
m: +1.718.249.3053
adam@pollockcohen.com
*Pronouns: he/him/his*



**Pollock | Cohen LLP**
111 Broadway, Ste. 1804; NY, NY 10006