USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/21/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MANHATTAN SAFETY MAINE, INC. and RECOVERY EFFORT, INC.,

Plaintiffs,

-against-

ARIE GENGER, ARNOLD BROSER, DAVID BROSER, TEDCO, INC., and JOHN DOES 1-10,

Defendants,

-and-

ADBG LLC, the GENGER LITIGATION TRUST, and MICHAEL BOWEN, in his capacity as paying agent,

Nominal Defendants.

1:19-cv-05642-MKV-VF

**ORDER DENYING MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

MARY KAY VYSKOCIL, United States District Judge:

Currently before the Court is Plaintiff Manhattan Safety Maine, Inc's ("MSM") motion for a temporary restraining order and preliminary injunction, filed on October 16, 2026. [ECF No. 244] ("Mot."). MSM has also filed a proposed order to show cause why a temporary restraining order and preliminary injunction should not be granted, [ECF No. 243], and a declaration in support of its motion, with several exhibits, [ECF No. 245]. The Court did not enter the proposed order to show cause. Defendants Tedco, Inc., David Broser, and Arnold Broser, and Nominal Defendants ADBG LLC and the Genger Litigation Trust (collectively, the "Broser Defendants") nonetheless promptly filed an opposition to MSM's motion on October 19, 2026. [ECF No. 246]. Defendant Arie Genger joined the Broser Defendants' opposition in full. [ECF No. 249].

For the reasons discussed herein, MSM's motion is DENIED.

## BACKGROUND

The Court assumes the Parties' general familiarity with the facts and history of this case, which arises from a complaint filed in June of 2019 regarding a dispute over settlement proceeds. *See* Complaint [ECF No. 5]. As relevant here, the Parties have been engaged in settlement discussions with Magistrate Judge Figueredo. In a separate state court case involving two non-parties to this action, Justice Ramseur of the Supreme Court of the State of New York, County of New York (the "State Court") issued an order On May 19, 2026 temporarily restraining Michael Oldner "from taking any further action as Trustee of the Orly Trust and on behalf of the Orly Trust without prior notice to the Court and Petitioner and approval by the Court." Order, *Genger v. Oldner*, Index No. 156331/2026 (Sup. Ct. N.Y. Cnty. May 19, 2026) [ECF No. 245-1] (the "State Court Order").

Nearly five months after the State Court Order, MSM moved by order to show cause for a temporary restraining order and preliminary injunction enjoining:

> (a) **the Supreme Court of New York, New York County** (the "State Court"), in *Orly Genger v. Michael Oldner*, Index No. 156331/2026 (Sup. Ct. N.Y. Cnty.) (Ramseur, J.) (the "State Proceeding"), from **prohibiting, conditioning upon state-court approval, or in any way penalizing, hindering or limiting Michael Oldner**, as trustee of the Orly Genger 1993 Trust and principal of its subsidiary, plaintiff Recovery Effort, Inc. ("REI") **and/or its counsel from prosecuting REI's claims in this case** and taking other actions associated therewith, and (b) the above-named defendants and nominal defendants (together, "Defendants") from seeking any similar such relief **from any other court of law**.

Mot. at 5 [ECF No. 244] (emphasis added).[1]

## LEGAL STANDARDS

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). A plaintiff seeking a temporary restraining

---

[1] Unless otherwise noted, citations are to the ECF-generated page number at the top of each page.

order must meet the same factors that apply for a preliminary injunction: (1) likelihood of success on the merits; (2) likelihood of irreparable injury in the absence of an injunction; (3) balance of the hardships supporting the plaintiff; and (4) that the public interest is not disserved by an injunction. *Benihana, Inc. v. Benihana of Tokyo, LLC*, 784 F.3d 887, 895 (2d Cir. 2015); *see Loc. 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. N.Y. Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992).

**<u>DISCUSSION</u>**

MSM's far-reaching request for this Court to enjoin the State Court proceeding nearly five months after issuance of the State Court Order does not meet the showing required for preliminary equitable relief.

MSM has failed to show a likelihood of irreparable harm, which "is 'the single most important prerequisite for the issuance of a preliminary injunction.'" *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009) (quoting *Rodriguez v. DeBuono*, 175 F.3d 227, 234 (2d Cir. 1999)). MSM must demonstrate that, absent injunctive relief, it will suffer "an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits . . . to resolve the harm." *Id.* (quoting *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007)). MSM waited several months after the State Court Order to seek emergency injunctive relief against that Order, filing the present motion on the eve of a settlement conference with Magistrate Judge Figueredo scheduled for October 21, 2026. "[M]onths-long delays in seeking preliminary injunctions have repeatedly been held by courts in the Second Circuit to undercut the sense of urgency accompanying a motion for preliminary relief." *Rosenberg v. Avery*, No. 25-cv-222, 2025 WL 2879605, at *17 (S.D.N.Y. Oct. 9, 2025) (quoting *Council for Responsible Nutrition v. James*, No. 24-cv-1881, 2024 WL 1700036, at *9

(S.D.N.Y. Apr. 19, 2024), *aff'd,* 159 F.4th 155 (2d Cir. 2025)). MSM's delay and lack of any explanation for delay undercut any claim of irreparable injury and demonstrate that, contrary to its assertions, any injury can be redressed in the ordinary course.

MSM insists that absent injunctive relief, its claims will be further delayed by "[a]n indefinitely stalled federal case" where its claims "have already been delayed for years." Mot. at 14 [ECF No. 244]. That characterization of the state of play is belied by the fact that the State Court has ordered further hearings on October 29 and November 10, 2026, and this Court has no reason to doubt that the State Court and Magistrate Judge Figueredo will seek to resolve the disputes as efficiently as possible. *See* [ECF No. 245 ¶ 13]. The only plausible harm MSM faces—if it faces any at all—is further delay of a long-running settlement proceeds dispute. While this Court shares the laudable goal of expeditious and orderly adjudication of cases, *see* Mot. at 11–12 [ECF No. 244], MSM's request for an injunction against the State Court at the last hour does not serve that goal and cannot support injunctive relief here.

MSM's failure to demonstrate a likelihood of irreparable harm is fatal to its motion, as irreparable harm "must be satisfied before the other requirements for an injunction can be considered." *State Farm Mut. Auto. Ins. Co. v. Tri-Borough NY Med. Prac. P.C.*, 120 F.4th 59, 80 (2d Cir. 2024). Therefore, the Court need not address the remaining preliminary injunction factors. *See SABA Cap. Master Fund, Ltd. v. BlackRock ESG Cap. Allocation Term Tr.*, No. 24-cv-01701, 2024 WL 3162935, at *6 (S.D.N.Y. June 25, 2024).

Apart from MSM's failure to show a likelihood of irreparable harm, the Anti-Injunction Act also counsels against enjoining the State Court proceeding. MSM relies on the All Writs Act, which provides that courts established by Congress "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C.

§ 1651(a). However, "the All Writs Act must be read in conjunction with the Anti-Injunction Act, 'which tempers the potency of the All Writs Act by limiting the circumstances under which a federal court may enjoin state court proceedings.'" *United States v. Gerace*, No. 21-2419, 2023 WL 3243477, at *1 (2d Cir. May 4, 2023) (summary order) (quoting *United States v. Schurkman*, 728 F.3d 129, 135 (2d Cir. 2013)). MSM invokes the "in aid of jurisdiction" exception to the Anti-Injunction Act, which "applies 'where the effect of [a state court proceeding] would be to defeat or impair the jurisdiction of the federal court.'" *Wyly v. Weiss*, 697 F.3d 131, 137 (2d Cir. 2012) (quoting *Kline v. Burke Constr. Co.*, 260 U.S. 226, 229 (1922)). MSM has not demonstrated that the State Court Order or proceeding between two non-parties to this action would defeat or impair the jurisdiction of this Court. This is especially so because the State Court proceeding is not within the "limited circumstances" under which a federal court injunction against a state court *in personam* action is permissible. *See id.* at 138. In short, MSM's failure to demonstrate the applicability of the All Writs Act provides a separate basis for denying its motion.

## CONCLUSION

For the reasons stated herein, Plaintiff MSM's motion for a temporary restraining order and preliminary injunction is DENIED.

**SO ORDERED.**

**Dated: October 21, 2026**
**New York, New York**

Mary Kay Vyskocil
MARY KAY VYSKOCIL
United States District Judge