Hughes Hubbard

**Hughes Hubbard & Reed LLP**
One Battery Park Plaza
New York, New York 10004-1482
Office:+1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

Christopher Gartman
Partner
Direct Dial: +1 (212) 837-6350
Direct Fax: +1 (212) 299-6350
chris.gartman@hugheshubbard.com

November 18, 2026

**VIA ECF**

Honorable Valerie M. Figueredo
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Manhattan Safety Maine, Inc. v. Genger*, No. 1:19-cv-5642 (MKV) (VF)

Dear Judge Figueredo,

We write on behalf of Defendant Tedco, Inc. ("Tedco") to renew Tedco's motion to approve alternative service of Federal Rule of Civil Procedure 45 subpoenas seeking testimony and documents from Dalia Genger. For nearly a year, Tedco diligently tried to serve subpoenas on Ms. Genger. Last week, Tedco was finally able to do so. Tedco served subpoenas on Ms. Genger at her current residence by delivering copies of the subpoenas under her door and into her residence (although Ms. Genger did not open the door to accept hand delivery). Tedco seeks the Court's intervention to remove any doubt that service was properly effected.

Tedco previously sought the Court's approval to serve subpoenas on Ms. Genger by alternative means, namely by (1) certified mail, regular mail, and email to Ms. Genger's former counsel, and (2) email directly to Ms. Genger. (ECF Nos. 126 & 127.) On March 18, 2026, the Court denied Tedco's motion without prejudice to Tedco re-filing the motion following additional efforts. (ECF No. 145.)

After the Court's March 18 order, Tedco made additional efforts to locate and serve Ms. Genger. Tedco sought information regarding Ms. Genger's location from two law firms that represented Ms. Genger. In response to Tedco's motion to compel (ECF No. 157), the Court ordered those firms to disclose the most recent address that each firm had for Ms. Genger. (ECF No. 173 at 4.) On June 4, 2026, the firms confirmed that the last known address that both had for Ms. Genger was the address at which Tedco had previously attempted to serve Ms. Genger (200 East 65th Street, Apt. 32W, New York, New York (the "65th Street Address")).

On August 27, 28, and 29 and September 3 and 16, 2026, Tedco made several additional attempts to serve Ms. Genger at the 65th Street Address. (**Ex. A.**) Tedco also attempted to serve

Ms. Genger at the New Canaan, Connecticut residence of her son, Sagi Genger, on September 15, 2026. (**Ex. B**.) None of these attempts succeeded. Tedco also served subpoenas on the 200 East 65th Street & 210 East 65th Street Condominium, the Board of Managers of 200 & 210 East 65th Street Condominium, and Milford Management Corporation (the manager of the 200 East 65th Street & 210 East 65th Street Condominium) that sought information regarding Ms. Genger's current whereabouts. On October 27, 2026, counsel for the management company wrote to counsel for Tedco asserting that Ms. Genger no longer resided at the 65th Street Address, but rather resided at Sagi Genger's residence in New Canaan (where Tedco had already attempted to serve Ms. Genger). (**Ex. C**.)

On October 30, 2026, Tedco's counsel conducted an additional public records search to ascertain Ms. Genger's whereabouts. (**Ex. D**.) In addition to the 65th Street Address, the search identified a new address for Ms. Genger—an "independent living" facility for seniors in New Canaan called "The Inn." On November 8, 2026, Tedco engaged a Connecticut state marshal to personally serve subpoenas on Ms. Genger at her individual unit at The Inn. (**Ex. E**.) The marshal was escorted to the door of Ms. Genger's unit by a staff member of The Inn. (*Id.*) Upon arrival at Ms. Genger's unit, the escorting staff member entered the apartment, stayed within for several minutes, and then returned saying that Ms. Genger was not there, despite other indications to the contrary. (*Id.*) The marshal reported that she believed that Ms. Genger was, in fact, in the unit. (*Id.*) On November 10, 2026, the marshal returned to The Inn. The front desk staff informed the marshal that Ms. Genger had instructed them to state, if the marshal returned, that Ms. Genger was not home (regardless of whether that was true) and that staff were not authorized to accept service on Ms. Genger's behalf. (*Id.*) The marshal insisted on being shown to Ms. Genger's door once again and deposited the subpoenas under the door. (*Id.*) In addition, on November 13, 2026, Tedco sent Ms. Genger copies of the subpoenas via certified mail to her unit at the Inn. (**Ex. F**.)

Courts in this District permit alternative service of Rule 45 subpoenas where diligent attempts at personal service have failed and the proposed means are reasonably calculated to ensure actual receipt. *See Cordius Trust v. Kummerfeld*, No. 99 Civ. 3200 (DLC), 2000 WL 10268, at *2 (S.D.N.Y. Jan. 3, 2000). Alternative service is particularly appropriate where the witness has obstructed repeated service attempts. *See Sparrow Fund Mgmt. LP v. MiMedx Grp., Inc.*, No. 18-CV-4921 (PGG) (KHP), 2021 WL 2767131, at *1 (S.D.N.Y. July 2, 2021); *Cordius Trust*, 2000 WL 10268, at *1–2; *Mikhaylova v. Bloomingdales, Inc.*, No. 19 Civ. 8927 (GBD) (SLC), 2023 WL 2237541, at 2–3 (S.D.N.Y. Feb. 17, 2023). Here, the interactions of the Connecticut state marshal with the staff at The Inn demonstrate that Ms. Genger is deliberately evading and avoiding service of the subpoenas. (Moreover, Ms. Genger's insistence on refusing service indicates that she is capable of making her own decisions and not "incompetent" as she has previously claimed in other litigation.)

Tedco has made diligent efforts to serve the subpoenas on Ms. Genger. Tedco respectfully requests that the Court order that Tedco's service of the subpoenas by (1) depositing them under Ms. Genger's door on November 10, 2026, and (2) certified mail delivered on November 16, 2026, constitutes proper service. Those methods are more than reasonably calculated to ensure that Ms. Genger has notice of the subpoenas and ample opportunity to object if she wishes to do so given the marshal's observations and discussions with the staff at The Inn, which make clear that Ms. Genger is regularly present in the unit where the subpoenas were served. *See JPMorgan Chase Bank, N.A. v. IDW Grp., LLC*, No. 08-cv-9116 (PGG), 2009 WL 1313259, at *2 (S.D.N.Y.

May 11, 2009) (citing *Cordius*, 2000 WL 10268, at *2); *see also Sparrow Fund Mgmt.*, 2021 WL 2767131, at *1 (granting retroactive approval of service of a Rule 45 subpoena via certified mail); *Ultradent Prods., Inc. v. Hayman*, No. M8-85 (RPP), 2002 WL 31119425, at *4 (S.D.N.Y. Sept. 24, 2002) (similar).

Respectfully submitted,

*/s/ Christopher Gartman*

*Counsel for Defendant Tedco, Inc.*

cc: All counsel of Record via ECF

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated: November 19, 2026**

Tedco's request is **GRANTED**. Tedco's service of the subpoena on November 10, 2026 (by depositing it under Ms. Genger's door) and Tedco's service of the subpoena through certified mail on November 16, 2026, constitutes proper service under the circumstances here, where Tedco has diligently attempted to serve Ms. Genger on multiple occasions and it appears that she is avoiding service. The Clerk of Court is respectfully directed to terminate the gavel at ECF No. 276.